YAGER PONTIAC, INC., Respondent, *v.* FRED A. DANKER AND SONS, INC., et al., Appellants, et al., Defendants.

Third Department, May 3, 1973.

*Francis H. Trombly* and *Edward J. Trombly* for appellants.

*De Graff, Foy, Conway & Holt-Harris* (*Carroll J. Mealey* of counsel), for respondent.

SWEENEY, J.   This is an appeal from a judgment of the Supreme Court in favor of plaintiff, entered March 30, 1972 in Albany County, upon a decision of the court at a Trial Term, without a jury.   An order granting summary judgment to defendants and dismissing the complaint was reversed on a previous appeal (28 A D 2d 61).

This appeal presents the issue of whether the trial court properly determined that a certain letter created an easement binding on appellants.   In February of 1948 Fred A. Danker, Sr. and his wife (both since deceased) conveyed a parcel of land located on Central Avenue in the City of Albany to their four children, the individual appellants herein.   On December 31, 1948 the four younger Dankers conveyed the same parcel to respondent.

On that same day Fred A. Danker, Sr., who still owned the land contiguous to the parcel conveyed to respondent, signed a letter which recited a promise to convey to the City of Albany a 60-foot strip of land running along the eastern edge of the parcel conveyed to respondent for street purposes.   The fourth paragraph of the letter stated:   "Pending acceptance by the City of Albany of the intended conveyance of land for street purposes as hereinbefore recited, we do hereby bind ourselves, our heirs at law, next of kin, or successors in title to set aside a strip of land in perpetuity for mutual use for street purposes, and either of us may use it for such purpose at any time beginning immediately."   In 1956 the contiguous parcel held by the elder Danker was conveyed to the corporate appellant.   The strip was never dedicated to the city.   Subsequently, in 1965 the corporate appellant leased a portion of the strip, whereupon the lessee constructed a restaurant thereon.

The trial court found that, by the language of the letter of December 31, 1948 quoted above, an easement was created.   It further found that the knowledge of the elder Danker as grantor of the easement was imputed to the corporation of which he was president, director and stockholder, and that the corporation, therefore, took title to the property subject to the easement rights of respondent therein.

We reject appellants' argument that the letter was inadmissible under CPLR 4519. Although they concede that the signature of the elder Danker is authentic, appellants object to the admission of the letter because respondent was thereby permitted to place its interpretation upon the letter's ambiguous and obscure meaning. No testimony was admitted regarding any conduct, conversation or communication with the decedent. Nor was any testimony concerning an interpretation of the document allowed. We conclude that the admission of the letter was proper. (*Matter of Callister,* 153 N. Y. 294; *Matter of Seaman,* 275 App. Div. 484, affd. 300 N. Y. 756.)

Also unacceptable is appellants' contention that the letter constitutes nothing more than a license. As this court concluded on the prior appeal, a perpetual easement was established therein. Despite the absence of words such as " grant ", " easement " or " right of way ", the language of the letter is unequivocal and can only be construed as being intended to create an easement.

Appellants next urge that they were not bound by any grant in the letter since the requirements of section 243 of the Real Property Law were not met. This statute, as well as the recording statutes, is not applicable under the circumstances of the instant case. A conveyance, even though unacknowledged and unattested, is enforceable against the grantor, and a purchaser takes subject to any easement of which he has notice. (*Rochester Poster Adv. Co.* v. *Smithers,* 224 App. Div. 435.) The proof is sufficient to support the finding of the trial court that the elder Danker was the sole actor for the Danker corporation and his knowledge was properly imputed to the corporation. (See *Matter of Brown,* 252 N. Y. 366.)

Finally, there is no merit to appellants' contention that the Statute of Limitations is a bar to respondent's claim.

The judgment should be affirmed, with costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and KANE, JJ., concur.

Judgment affirmed, with costs.