■ GARRISON EVANS et al., Respondents, v HIEROMIN TARASZKIEWICZ et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered January 15, 1986 in Tompkins County, which granted plaintiffs' motion for partial summary judgment to the extent of dismissing defendants' defense.

At issue here is whether certain language in a deed granted an easement or created a license. The disputed provision

reads: "The grantees herein are hereby granted the right to use water for domestic purposes from the spring on the lands of the grantors as now supplied to the premises herein conveyed together with the right to lay, maintain and repair the necessary pipes of the same size and in the same location. The grantors herein do not however warrant the right here given." This language is contained in a warranty deed which transferred part of the property owned by Edwin and Helen Buteux in the Town of Ulysses, Tompkins County, to Merritt and Maude Agard in March 1946. Subsequent transfers of this parcel of land also purported to convey the water rights in the same manner as the 1946 deed. The property and any existing water rights appurtenant thereto are currently owned by plaintiffs. In April 1985, Helen Buteux, individually and as surviving tenant by the entirety, conveyed the abutting property, on which the spring is located, to defendants. This deed did not mention any rights to the spring that were granted by the 1946 deed.

In May 1985, plaintiffs sought access to defendants' land for the purposes of undertaking certain repairs, maintenance and incidental improvements to the water system. Defendants denied plaintiffs permission to enter their property. Plaintiffs then commenced this action seeking, among other things, a declaration of their right to enter upon defendants' land for the purpose of repairing and maintaining the spring. Defendants answered, asserting as a first separate and complete defense that any right to use water from the spring which may have been created amounted only to a license and was terminable at will. Plaintiffs moved for partial summary judgment which was granted to the extent of dismissal of defendants' first separate and complete defense and was denied in all other respects. This appeal by defendants followed.

We affirm. Although distinguishing an easement from a license is not always an easy task (see, Todd v Krolick, 96 AD2d 695, 696, affd 62 NY2d 836), we find that Special Term properly concluded as a matter of law that the water right granted in the 1946 deed was not merely a license. The following undisputed facts, viewed collectively, reveal that the 1946 deed created an easement. The grant was accomplished by a deed, connoting the transfer of an interest in real property (see, Greenwood Lake & Port Jervis R. R. Co. v New York & Greenwood Lake R. R. Co., 134 NY 435, 441). The language used, including the words "grant" and "convey", indicates that an easement was intended (see, Yager Pontiac v Danker & Sons, 41 AD2d 366, 368, affd 34 NY2d 707). The

grant was not temporary in nature nor did the grantors purport to retain any rights of revocation *(see, Willow Tex v Dimacopoulos,* 68 NY2d 963; *Trustees of Freeholders & Commonalty of Town of Southampton v Jessup,* 162 NY 122, 126). While specific words of inheritance were not used, they are not required to create a perpetual easement (Real Property Law § 240 [1]; EPTL 2-1.4; *Wilson v Ford,* 209 NY 186, 197). Hence, we conclude that the granting of a right to water from the spring on the land retained by the grantor, which was done as part of the conveyance of the abutting parcel, created an appurtenant easement *(see, Saratoga State Waters Corp. v Pratt,* 227 NY 429, 444-445; *Historic Estates v United Paper Bd. Co.,* 260 App Div 344, 348, *affd* 285 NY 658).

We find meritless defendants' contention that the interest conveyed in 1946 could only have been a license since the grantors did not warrant the water rights. A disclaimer of warranty merely serves to limit the remedies available against the grantor. It does not diminish or extinguish the nature of the interest transferred.

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.