■ ABRAHAM BRAUN et al., Appellants, v CONSOLIDATED RAIL CORPORATION, Respondent.

The defendant placed the ownership of the property where the alleged accident occurred in issue by claiming that it transferred title thereto to Metro-North Commuter Railroad Company prior to the date of the accident (see, Felicio v City of New York, 274 App Div 930). Two deeds, both bearing the same date, January 1, 1983, which was prior to the accident, have been produced. Each deed was signed on behalf of the defendant by its vice-president, Richard C. Sullivan.

There is a presumption that the date appearing on a deed represents the date that the deed was delivered and accepted. However, this presumption is rebuttable by evidence which shows that execution, delivery and acceptance of the deed did not, in fact, occur on such date (see, D'Urso v Scuotto, 111 AD2d 305).

In the instant case, a notary's statement was produced which indicated that on December 31, 1982, Richard C. Sullivan swore that he signed one of the deeds dated January 1, 1983. Thus, that deed was notarized one day prior to the date which appears on its face. Another notary's statement was produced which indicated that on April 22, 1986, Richard C. Sullivan swore that he had signed the other deed. This notarization occurred, and this deed was recorded, after the alleged accident.

The foregoing facts do not, in and of themselves, render the purported transfer of title inefffective *(see, Yager Pontiac v Danker & Sons,* 41 AD2d 366, *affd* 34 NY2d 707). However, we find that they are sufficient, under the circumstances, to warrant further discovery concerning the actual dates of execution, delivery and acceptance of the deeds *(see,* CPLR 3101 [a] [1]). The plaintiffs should be permitted to examine Richard C. Sullivan, who signed both deeds, in order to adduce evidence as to when the purported transfer of title occurred.

Finally, we find that there was an insufficient showing of hardship which would warrant conducting the examination in Philadelphia, Pennsylvania, rather than in Orange County where the action is pending *(see, Levine v St. Luke's Hosp. Center,* 109 AD2d 694, 695). Thompson, J. P., Bracken, Brown, and Kunzeman, JJ., concur.