■ JOSEPH N. WILCOX et al., Respondents, v MORRIS H. REALS, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered October 31, 1990 in Madison County, upon a decision of the court in favor of plaintiffs.

Plaintiffs, owners of, *inter alia,* lot Nos. 24 and 38 of the Bushnell Shore Lots in the Town of Sullivan, Madison County, were granted in their deed a 20-foot right-of-way "in common with others" which they claim is over land owned by defendant. The 20-foot easement at issue runs from First Street to the shore of Oneida Lake and lies adjacent to defendant's lot No. 9. Plaintiffs' lots are not contiguous to the easement. Defendant disputed that plaintiffs have any rights over his property; therefore, he told them not to use it and apparently placed obstacles on it to deter their use. Plaintiffs then commenced this action pursuant to RPAPL article 15 seeking a declaration that they are entitled to free use and enjoyment of the right-of-way and enjoining defendant from obstructing their access to it. Following a nonjury trial, Supreme Court found in favor of plaintiffs and this appeal by defendant followed.

Defendant's sole contention on appeal is that Supreme Court's determination that plaintiffs had established an unbroken chain of title including the subject easement was against the weight of the evidence. We disagree. In order to create an easement by express grant, plain and direct language must be

used which evidences the grantor's intention to permanently give a use of the servient estate to the dominant estate *(see, Willow Tex v Dimacopoulos,* 68 NY2d 963, 965). Normally a grant created in a deed and using words such as "convey" indicates that an easement, rather than a revocable license, is intended *(see, Evans v Taraszkiewicz,* 125 AD2d 884, 885). The fact that a grant is not temporary in nature and there is no retained right of revocation weighs in favor of finding a perpetual easement *(supra,* at 886). Moreover, words of inheritance are not necessary to create an easement *(supra)* and it is not required that the dominant and servient estates be contiguous *(see, Reiss v Maynard,* 170 AD2d 992, 992-993, *lv dismissed* 78 NY2d 908). In addition, the fact that the easement grant does not give the precise location of the easement is not fatal to a finding that an easement was intended *(see, e.g., Briggs v Di Donna,* 176 AD2d 1105).

Here, we note that the deed for the initial conveyance of lot No. 24 from Floyd Bushnell and Mina Bushnell to Robert Atley in 1946 stated that "[t]his conveyance is made, giving to the [grantee] herein a permanent right of way, at any and all times, twenty feet in width, as it now exists from the Oneida Lake State Highway to the shore of the Oneida Lake and to the premises herein conveyed". When Floyd Bushnell died he left all his property, including lot No. 38, to his wife, Mina Bushnell, who then sold lot No. 38 to Atley. This deed contained the same language concerning the easement as was contained in the deed for lot No. 24. Ultimately, Atley conveyed lot Nos. 24 and 38 to George Wallace and Nadine Wallace. After a few more transfers, the lots were later conveyed to Lewis Reals and Elizabeth Reals in 1962. They conveyed the lots in 1973 to William Field and Marion Field. Notably, although conveying the same premises, this deed included simpler language stating that the grantees were given "a right of way in common with others over a 20 ft. right of way". The lots changed hands a few more times after this, with all these later deeds containing the shorter description of the easement. Such a deed was given to plaintiffs when they acquired the lots in 1986.

In our view, Supreme Court was justified in finding that the chain of title and all the surrounding circumstances and evidence (including the deeds of plaintiffs' neighbors) *(see, Fischer v Liebman,* 137 AD2d 485, 487) sufficiently indicated an intent on the part of the grantor to create a perpetual enforceable easement in the location identified by plaintiffs. We find nothing to support defendant's contention that plain-

tiffs' deed merely granted them a right-of-way over Bushnell Road (a public thoroughfare). Because there was no evidence produced at trial to support defendant's affirmative defenses of adverse possession or abandonment *(see, Castle Assocs. v Schwartz,* 63 AD2d 481, 487), we find no reason to conclude that the easement granted in the initial conveyance of the lots had been extinguished.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.