[612 NYS2d 726]

GARY D. CLEMENTS, Respondent, v LESLIE SCHULTZ et al., Appellants.

Fourth Department, May 27, 1994

### APPEARANCES OF COUNSEL

*Barbara M. Sims,* Buffalo, for appellants.

*Raymond W. Bulson,* Portville, for respondent.

### OPINION OF THE COURT

DAVIS, J.

The principal issue presented on this appeal is whether plaintiff's deed created an easement that is enforceable against defendants. For the reasons that follow, we conclude that plaintiff's deed created an easement but that the facts necessary to decide whether it is enforceable against defendants are not ascertainable from this record. Further, we are asked to determine whether Supreme Court properly concluded that defendants may not unilaterally relocate that easement and that a hearing was required to determine the exact location and dimensions of the easement as it existed when plaintiff purchased his lot in 1969. For the reasons that follow, we conclude that Supreme Court properly resolved those issues.

## I

Plaintiff and defendants own adjoining lots on Rushford Lake in Allegany County. The parties' predecessors in title acquired their lots from a common grantor. The deed to plaintiff granted to him, "his heirs and assigns forever, the free use of the present roadway, or any other roadway to be constructed, as a means of ingress and egress" to his lot from County Route 49. Plaintiff purchased his property in 1969. The "present roadway" described in plaintiff's deed is located on property purchased by defendants in 1989. Defendants' deed contains no reference to plaintiff's rights in the "present roadway".

Plaintiff commenced this action in 1990 to enjoin defendants from interfering with plaintiff's use of the "present roadway". Defendants counterclaimed, seeking a judgment declaring that plaintiff has no right either to use a specific roadway over the lands of defendants or to approve or reject an alternate roadway constructed by defendants that provides plaintiff ingress and egress to his lot.

Supreme Court concluded that plaintiff's deed created an easement by express grant and that defendants had notice of the easement inasmuch as plaintiff's deed was recorded in the Allegany County Clerk's office when plaintiff purchased his lot. The court rejected the contention of defendants that they had the unilateral right to relocate the easement by constructing a new roadway. Furthermore, the court found that plaintiff's deed description contained ambiguities regarding the exact location and dimensions of the "present roadway" as it existed in 1969, and it directed a hearing to resolve those factual issues. Supreme Court's order granted plaintiff partial summary judgment, stating that "subject to his right to consent to a relocation of the roadway, [plaintiff] continues to have free use of the roadway as it existed in 1969".

## II

We conclude that Supreme Court properly determined that plaintiff's deed created an easement by express grant. We reject defendants' contention that the deed created a revocable license to use the "present roadway". The deed to plaintiff uses the words, "convey" and "forever", which indicate the grantor's intent to create an easement *(see, Willow Tex v Dimacopoulos,* 68 NY2d 963, 965; *Wilcox v Reals,* 178 AD2d 885, 886; *Evans v Taraszkiewicz,* 125 AD2d 884, 885). The deed

reasonably describes the property where the easement exists and the fact that it fails to give the precise location does not preclude a finding that an easement was intended *(see, Wilcox v Reals, supra,* at 886; *Carnemella v Sadowy,* 147 AD2d 874, 876). In granting partial summary judgment to plaintiff, Supreme Court should also, however, have declared the rights of the parties in this action seeking declaratory relief *(see, St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317, 325; *Sanchez v Eckstrom,* — AD2d —, 1994 NY Slip Op 3368 [4th Dept, Apr. 15, 1994]). Therefore, the order of Supreme Court should be modified and judgment granted declaring that plaintiff has an easement by express grant over defendants' property.

Whether that easement is enforceable against defendants, however, depends on whether they had actual or constructive notice of the easement either by virtue of the recording statutes or because of the visible and obvious nature of the easement. Supreme Court concluded that defendants had notice of plaintiff's easement by virtue of the fact that plaintiff's deed was recorded in the Allegany County Clerk's office. That was error. Defendants were not required to search outside their direct chain of title and are not chargeable with notice of plaintiff's easement unless plaintiff's deed or some other instrument creating the easement was recorded in defendants' chain of title *(see, Witter v Taggart,* 78 NY2d 234, 238-239). Upon our review of the record, we are unable to determine, as a matter of law, whether defendants had notice of plaintiff's deed by virtue of the recording acts *(see,* Real Property Law § 291).

Furthermore, whether defendants had constructive, if not actual, notice of the easement because of the "open and visible use of [the present roadway] by a third person" is not ascertainable from the record because neither party submitted evidentiary proof in admissible form on that issue *(Pallone v New York Tel. Co. [appeal No. 1],* 34 AD2d 1091, *affd* 30 NY2d 865; *see also, Williamson v Brown,* 15 NY 354, 362; *487 Elmwood v Hassett,* 83 AD2d 409; *Covey v Niagara, Lockport & Ontario Power Co.,* 286 App Div 341). Therefore, the matter should be remitted to Supreme Court to determine whether defendants had either actual or constructive notice of plaintiff's rights in the "present roadway" and to conduct a hearing for that purpose if the court is so advised.

### III

■ Additionally, we conclude that Supreme Court properly determined that fact issues exist requiring a hearing regarding the location and dimensions of the easement as it existed when plaintiff purchased his lot in 1969. In reaching that conclusion, we reject defendants' contention that the language describing the easement is ambiguous, and that it therefore is void as a matter of law, because the exact location and the dimensions of the easement are not specified in plaintiff's deed. When plaintiff acquired title to his lot in 1969, the "present roadway" was in use in a definite location.

Furthermore, Supreme Court properly determined that defendants may neither unilaterally relocate plaintiff's easement nor provide for a substitute roadway without plaintiff's consent (see, Dowd v Ahr, 78 NY2d 469, 473; see also, Pomygalski v Eagle Lake Farms, 192 AD2d 810, 812, lv denied 82 NY2d 656).

### IV

■ Finally, even if plaintiff is entitled to some relief, it does not necessarily follow that he is entitled to the permanent injunction that he seeks. "An injunction is an extraordinary remedy" (487 Elmwood v Hassett, supra, at 413) and, even where the facts justify the grant of an extraordinary remedy, the court must still decide, in the exercise of its discretion, whether to grant an injunction, and if so, the terms and conditions, if any, to impose (see, Lexington & Fortieth Corp. v Callaghan, 281 NY 526, 531; Matter of Durr v Paragon Trading Corp., 270 NY 464; 487 Elmwood v Hassett, supra, at 413). Supreme Court first must determine whether defendants had actual or constructive notice of plaintiff's rights in the "present roadway" before it addresses whether plaintiff is entitled to a permanent injunction. Therefore, that part of the second ordering paragraph of the order of Supreme Court that purports to grant plaintiff a permanent injunction should be modified by deleting that direction.

### V

Accordingly, the order of Supreme Court should be modified and judgment granted declaring that plaintiff has an easement by express grant over defendants' property. The order should be further modified by deleting that part of the second ordering paragraph that purports to grant plaintiff a perma-

nent injunction. Finally, the matter should be remitted to Supreme Court to determine the issues whether defendants had actual or constructive notice of plaintiff's rights in the "present roadway", and, if so, what the exact location and dimensions of that roadway were in 1969.

PINE, J. P., LAWTON, CALLAHAN and DOERR, JJ., concur.

Order unanimously modified, on the law, and as so modified, affirmed, without costs, judgment granted, and matter remitted to Supreme Court for further proceedings in accordance with the opinion by DAVIS, J.