■ In the Matter of VIOLET COLLINGTON, Appellant-Respondent, v CESAR A. PERALES, Respondent-Appellant, and RUTH BRANDWEIN, Respondent. [614 NYS2d 47] —In a proceeding pursuant to CPLR article 78, the petitioner appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 5, 1992, as, upon granting reargument, adhered to so much of a judgment of the same court, entered February 4, 1992, as confirmed a determination of the Commissioner of the New York State Department of Social Services, dated March 22, 1991, to recoup a utility advance provided pursuant to Social Services Law § 131-s from the petitioner's monthly public assistance grant, and the Commissioner of New York State Department of Social Services cross-appeals from so much of the same order as limited the recoupment amount to 5% of the monthly public assistance grant and awarded the petitioner attorney's fees pursuant to CPLR 8600.

Ordered that the order is modified, on the law, by deleting the provision thereof which awarded the petitioner attorney's

fees; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld *(see, Matter of Bates v Toia,* 45 NY2d 460; *Matter of Howard v Wyman,* 28 NY2d 434). Social Services Law § 131-s and its implementing regulation, 18 NYCRR 352.5 (e) (2), provide that advance payments made to recipients of public assistance benefits to cover utility costs may be recouped where the recipient has failed to prove in documentary form that "he/she has fully applied his/her public assistance grant to purposes intended to be included in such grant" (18 NYCRR 352.5 [e] [2]). Here, the petitioner did not apply her public assistance grant to such purposes. Specifically, she did not apply the $97.20 allocated in her public assistance grant to pay energy costs to her utility bill. Accordingly, the determination to recoup the utility advance by reducing the petitioner's monthly grant was proper. We further agree with the Supreme Court that recoupment is limited to the "recurring monthly needs" portion of the petitioner's grant pursuant to 18 NYCRR 352.1, 352.31 (d) (2).

Finally, because the petitioner did not prevail in substantial part in this proceeding she is not entitled to an award of attorney's fees *(see,* CPLR 8601, 8602). Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.