■ In the Matter of SHARON DORSETT et al., Appellants, v MARY JO BANE, as Commissioner of the New York State Department of Social Services, et al., Respondents. [622 NYS2d 542] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Peter J. Hart as Acting Commissioner of the Nassau County Department of Social Services to comply with a "Decision On Stipulation After Fair Hearing" dated December 27, 1991, the petitioners appeal from so much of an order of the Supreme Court, Nassau County (Molloy, J.), entered October 1, 1993, as denied their application for attorney's fees.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioners argue that as a result of the commencement of this CPLR article 78 proceeding, the State, acting through its agency the Nassau County Department of Social Services (hereinafter the agency), was forced to change its position. Therefore, the petitioners are prevailing parties and entitled to attorney's fees under either CPLR article 86 or 42 USC § 1988. We disagree and therefore affirm the Supreme Court's order denying the application for an award of such fees.

The petitioners' papers establish that the agency was attempting to find suitable housing for the petitioners prior to the commencement of this CPLR article 78 proceeding. Thus, the respondents did not change their position as a result of this proceeding and the petitioners were not prevailing parties *(see, Matter of Thomasel v Perales,* 78 NY2d 561; *Hewitt v Helms,* 482 US 755; *Martin v Heckler,* 773 F2d 1145; *see also, Matter of Collington v Perales,* 206 AD2d 364).

We have examined the petitioners' remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.