■ In the Matter of FRANCINE LEIDE, Respondent, v MICHAEL J. DOWLING, as Commissioner of the New York State Department of Social Services, et al., Appellants. [638 NYS2d 104] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellant State Commissioner, dated October 29, 1993, which, after a hearing, found that the appellant City Commissioner properly terminated homemaker services provided to the petitioner, the appeal is from (1) a judgment of the Supreme Court, Kings County (Ramirez, J.), entered March 10, 1994, which, *inter alia,* vacated the determination, finding it to be arbitrary and capricious, and (2) a resettled amended judgment of the same court, entered September 20, 1994.

Ordered that the appeal from the judgment is dismissed as it was superseded by the resettled amended judgment; and it is further,

Ordered that the resettled amended judgment is reversed, on the law, without costs or disbursements, the judgment is vacated, the determination is confirmed, and the proceeding is dismissed on the merits.

The Supreme Court erred in vacating as arbitrary and capricious the determination of the appellant Michael J. Dowling, Commissioner of the New York State Department of Social Services (hereinafter the State Commissioner), which found that the appellant Barbara Sabol, Commissioner of the New York City Department of Social Services (hereinafter the City Commissioner), properly terminated homemaker services provided to the petitioner. It is well settled that an agency's interpretation and construction of its own regulations under which it functions should be upheld if that construction is not irrational or unreasonable *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Collington v Perales,* 206 AD2d 364, 365).

The City Commissioner stated in Notice of Intent dated February 1, 1993, that "Week day [Homemaker] service is being used for baby-sitting so mother can work. Mother has failed to submit requested medical report on herself. Service has been in place for five years". After a hearing, the State Commis-

sioner found that determination to be correct based, *inter alia,* on the testimony of a family home care case worker that the services were no longer appropriate because, among other reasons, in contravention of 18 NYCRR 460.1-460.3 (hereinafter the regulations), the services provided to the petitioner were in the nature of cost-free child care and performance of home chores, the services were in place for more than five years when the regulations generally intend that they be for short term use, and there were no new homemaking skills being learned by the petitioner. This construction of the regulations was not irrational or unreasonable.

The Supreme Court also erred in issuing a permanent injunction, an extraordinary remedy *(see, Clements v Schultz,* 200 AD2d 11, 15), enjoining the City and the State from reducing, terminating, or suspending the petitioner's homemaker services. The regulations specifically provide that the services are to be reviewed on a six-month basis to determine the need for such services *(see,* 18 NYCRR 460.2 [c] [3]). Mangano, P. J., Copertino, Joy and Altman, JJ., concur.