■ In the Matter of the Acquisition of Real Property by WARRENSBURG HYDRO POWER LIMITED PARTNERSHIP. WARRENSBURG HYDRO POWER LIMITED PARTNERSHIP, Respondent; NIAGARA MOHAWK POWER CORPORATION, Appellant. [694 NYS2d 506] —Graffeo, J. Appeal from an order of the Supreme Court (Dier, J.), entered March 27, 1998 in Warren County, which, inter alia, in a proceeding pursuant to EDPL article 5, denied claimant's motion for partial summary judgment.

Petitioner obtained title to less than an acre of land located on the north bank of the Schroon River in the Town of Warrensburg, Warren County, pursuant to a 1992 eminent domain proceeding brought against claimant, the owner of the property. The parcel was appropriated for the construction, maintenance and operation of a hydroelectric generating facility. The order in the eminent domain proceeding vesting title in petitioner also reserved to claimant the continued use of the parcel for its transmission poles and lines.

Claimant has asserted that as a result of the condemnation, petitioner acquired water power rights appurtenant to the parcel, which were fundamental to the operation of petitioner's hydroelectric generating facility. In November 1993, claimant filed a claim for $270,000 seeking just compensation pursuant to EDPL 503.* Moving for partial summary judgment, claimant contended that it was entitled, inter alia, to compensation for the taking of its water power rights purportedly associated with the condemned parcel on which its transmission lines were situated. Petitioner responded that claimant never acquired legal entitlement to such water rights and that

---

* The portion of the just compensation claim which included the taking of an easement over property adjoining the subject parcel was discontinued.

claimant's compensation should necessarily be restricted to the value of the land. Supreme Court denied claimant's motion and granted partial summary judgment for petitioner, prompting this appeal.

The dispositive issue in this case is whether the water power rights were appurtenant to the subject property (hereinafter north-side parcel) or if the water rights belonged to the parcel located across the river (hereinafter south-side parcel). Because both parties rely on past conveyances in their respective title claims to the water power rights, we must trace the chain of title pertaining to the adverse interests. In the late 1800s, the water power rights to the north-side parcel were severed from the land and conveyed to the owner of the south-side parcel, who operated and maintained a dam across the Schroon River and adjoining the north shore. Therefore, it is undisputed that when Maurice Ashe obtained title to the north-side parcel by deed recorded on March 25, 1930, it did not include the water power rights. Rather, those rights had been acquired by Schroon River Pulp & Paper Company (hereinafter SRPPC), as the title owner of the south-side parcel. Claimant contends, however, that the water power rights were restored to the north-side parcel by virtue of a June 21, 1930 deed in which SRPPC released certain rights to Ashe. In contrast, petitioner maintains that SRPPC did not relinquish the water power rights which remained appurtenant to the south-side parcel. In 1943, the south-side parcel was conveyed by SRPPC to Warrensburg Pulp & Paper Corporation, Inc. (hereinafter WPPC). By deed recorded January 6, 1950, WPPC acquired title to the north-side parcel from Ashe and, simultaneously, the parcel was conveyed by WPPC to claimant's predecessor, New York Power and Light Corporation. These conveyances excepted and reserved to WPPC the dam constructed adjacent to the north-side parcel, but did not grant a right to build another dam, to engage in flooding or to use water power south of the existing dam.

Petitioner submitted an affidavit from a title insurance firm to Supreme Court, along with a certified abstract of title pursuant to CPLR 4520 and 4523, which declared that claimant had not obtained any water power rights from WPPC pursuant to the 1950 conveyance which transferred the transmission corridor on the north side of Schroon River. Having conducted a search of all relevant conveyances, the title examiner determined that the documentation did not reveal any grant of water rights to claimant or its predecessor. He concluded that the June 21, 1930 deed relied upon by claimant as the origin of

its water power rights was not the conveyance through which its title was derived, instead identifying the 1950 deed as the basis of claimant's title to the transmission parcel. The June 21, 1930 deed was found to merely grant Ashe the use of water rights *below* the dam, to the extent that the use of such rights did not affect the south bank owner's right to operate its dam. We find that Supreme Court's findings pursuant to EDPL 505 (C), which were consistent with this interpretation, were supported by the record.

Although claimant acknowledges that at the time Ashe obtained title to the parcel on the north side of Schroon River in March 1930 the deed did not include water power rights, it contends that Ashe obtained the exclusive right to construct a dam on the river with certain water rights by virtue of the subsequent June 21, 1930 deed. In that deed, SRPPC released to Ashe: "as to the north side of the Schroon River, ALL the rights, secondly conveyed in the deed from Thomas Cunningham and wife to Joseph Goodfellow, dated December 3, 1892, and recorded in the Warren County Clerk's office, December 3, 1892, in Book 67 of Deeds at page 21 and it said deed described as follows: ALL right, title, interest, claim and demand whatsoever of, in and to the use of the water and water rights of the Schroon River below the present dam across said river". Reading the various conveyances in conjunction with one another, we find that the June 1930 deed from SRPPC to Ashe contained a reservation of an easement authorizing SRPPC, as the grantor, to maintain and operate the dam and to continue the upstream flooding caused by the dam. The absence of a reference in the deed to the grantor's "successors and assigns" does not preclude the finding in the title abstract that an easement was conveyed (*see*, Real Property Law § 240 [1]; *see also*, *Wilcox v Reals*, 178 AD2d 885, 886) to the south shore owner for the continued presence of the dam and its flooding needs. Ashe then acquired water rights below the dam, thus not interfering with the production of water power at the site of the dam. Claimant concedes that the water rights for the north-side parcel had been severed therefrom almost a hundred years earlier and we find no indication in the record that those rights were restored. Claimant has also not produced sufficient evidence to rebut the facts asserted in the certified title abstract (*see*, CPLR 4523, 4520; *see also*, 9 Weinstein-Korn-Miller, NY Civ Prac § 4520.04). Based on the foregoing, Supreme Court's finding that claimant was not entitled to any compensation for water power rights will not be disturbed.

Claimant's remaining contentions have been considered and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.