■ LANAKI DEVELOPMENT, INC., Appellant-Respondent, v DAVID E. EVANS, JR., et al., Respondents-Appellants. [734 NYS2d 520] —Judgment modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in awarding plaintiff damages in the amount of $3,000 for defendants' violation of a restrictive covenant prohibiting defendants from parking their motor home in their driveway in the spring of 1997, and thus we modify the judgment by vacating that award of damages. Based upon our review of the statement in lieu of record on appeal (*see*, CPLR 5527; 22 NYCRR 1000.4 [c] [1]), we conclude that there is no evidence to support that award of damages. Contrary to plaintiff's contention, the court's determination that plaintiff was not damaged by the failure of a prospective buyer to purchase a lot in the development because defendants had parked their motor home in their driveway is not against the weight of the evidence (*see generally, Barresi v Kapr,* 226 AD2d 1074, *appeal dismissed* 88 NY2d 1005).

The court properly determined that the supplemental restrictive covenants apply to defendants. Those covenants were of record when the property was conveyed to defendants. However, the record is insufficient to enable us to review plaintiff's further contention that defendants' driveway extension was constructed in violation of the restrictive covenants and supplemental restrictive covenants.

All concur except Kehoe, J., who dissents in part in the following Memorandum.

Kehoe, J. (dissenting in part). I respectfully dissent in part. I disagree with the majority's holding that the supplemental restrictive covenants apply to defendants. The issue is not whether, as the majority holds, the supplemental restrictive covenants were "of record when" (i.e., recorded by plaintiff before) the allegedly burdened parcel was conveyed to defendants. Instead, the issue is whether the supplemental restrictive covenants appear in defendants' "direct chain of title" (*Witter v Taggart,* 78 NY2d 234, 237, 241; *see, Matter of Coppotelli v Commissioner of Dept. of Bldgs. of City of N. Y.,* 240 AD2d 666, *lv denied* 90 NY2d 811; *Puchalski v Wedemeyer,* 185 AD2d 563, 564-566). "The guiding principle for determining the ultimate binding effect of a restrictive covenant is that '[i]n the absence of actual notice before or at the time of * * * purchase or of other exceptional circumstances, an owner of land is only bound by restrictions if they appear in some deed of record in the conveyance to [that owner] or [that owner's] direct predecessors in title'" (*Witter v Taggart, supra,* at 238,

quoting *Buffalo Academy of Sacred Heart v Boehm Bros.,* 267 NY 242, 250). "The recording statutes * * * charge a purchaser with notice of matters only in the record of the purchased land's chain of title back to the original grantor" (*Witter v Taggart, supra,* at 238 [citations omitted]). "[A] 'purchaser is not normally required to search *outside* the chain of title' * * * and is not chargeable with constructive notice of conveyances recorded outside of that purchaser's direct chain of title" (*Witter v Taggart, supra,* at 239 [citations omitted; emphasis in original]; *see, Doyle v Lazarro,* 33 AD2d 142, 144, *affd* 33 NY2d 981; *Clements v Schultz,* 200 AD2d 11, 14). Rather, purchasers "are legally bound to search only within their own tree trunk line and are bound by constructive or inquiry notice only of restrictions which appear in deeds or other instruments of conveyance in that primary stem" (*Witter v Taggart, supra,* at 239; *see, Buffalo Academy of Sacred Heart v Boehm Bros., supra,* at 250; *Clements v Schultz, supra,* at 14).

Here, plaintiff does not rely on actual notice or " 'other exceptional circumstances' " (*Witter v Taggart, supra,* at 238) in arguing that the supplemental restrictive covenants bind defendants. Thus, the sole issue is whether the supplemental restrictive covenants appear in defendants' chain of title. The relevant chronology, which is set forth in an affirmative defense not contradicted by plaintiff, is that defendants' direct predecessor-in-title purchased the allegedly burdened parcel prior to plaintiff's filing of the supplemental restrictive covenants. Therefore, the supplemental restrictive covenants appear outside of defendants' direct chain of title, and defendants took the parcel free of them (*see, Witter v Taggart, supra,* at 238-241; *cf., Fekishazy v Thomson,* 204 AD2d 959, 960-961, *appeal dismissed* 84 NY2d 844, *lv denied* 84 NY2d 812; *Puchalski v Wedemeyer, supra,* at 564-566). (Appeals from Judgment of Supreme Court, Niagara County, Certo, J.H.O.— Damages.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.