■ JOHN HUMPHREY, Appellant, v ONONDAGA COUNTY SHERIFF'S DEPARTMENT, Defendant, and KIMBROOK MANOR APARTMENTS, Respondent. [780 NYS2d 264]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (William R. Roy, J.), entered August 13, 2003. The order and judgment granted the motion of defendant Kimbrook Manor Apartments to dismiss the complaint against it.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, a former tenant of Kimbrook Manor Apartments (defendant), commenced this action seeking damages for, inter alia, his allegedly unlawful eviction. In lieu of answering, defendant moved to dismiss the complaint against it, alleging, inter alia, that the complaint failed to state a cause of action (*see* CPLR 3211 [a] [7]). Construing the complaint liberally and giving plaintiff the benefit of every possible favorable inference (*see Harrison v Constantino*, 2 AD3d 1315 [2003]), we conclude that Supreme Court properly granted defendant's motion. The complaint does not contain allegations setting forth a cause of action for unlawful eviction. Plaintiff failed to allege any facts establishing that he was actually evicted, i.e., physically expelled or otherwise physically excluded from the premises (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82 [1970]). Plaintiff further failed to allege any facts establishing that he was constructively evicted, i.e., that defendant committed wrongful acts that substantially and materially deprived him of the beneficial use and enjoyment of the premises (*see id.* at 83). The termination of plaintiff's lease in full compliance with its terms did not constitute an eviction. Plaintiff complied with the lease termination and vacated the apartment accordingly.

The complaint likewise fails to state a cause of action for assault because there is no allegation that plaintiff was physically assaulted.

Finally, because plaintiff failed to include in the record his motion seeking permission to proceed as a poor person, we are unable to review his contention that his motion should have been granted (*see Lanaki Dev. v Evans,* 289 AD2d 948 [2001]; *Wright v Rite Aid of NY* [appeal No. 2], 288 AD2d 834, 836 [2001]). Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.