■ BERNARD L. KLINE et al., Respondents, v WILLIAM W. STEVENS, Defendant, and CARROLL A. STEVENS et al., Appellants. [839 NYS2d 390]—

Appeal from an order of the Supreme Court, Yates County (W. Patrick Falvey, A.J.), entered January 6, 2006. The order denied the motion of defendants Carroll A. Stevens, Tomislav Stefanovic and Catherine Stefanovic seeking, inter alia, summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to enjoin defendants from trespassing on their property and seeking an order directing defendants to remove their "antiquated and unsafe electrical service [that] traverses" plaintiffs' property. Supreme Court erred in denying that part of the motion of the appealing defendants (hereafter, defendants) for summary judgment dismissing the complaint, and we therefore modify the order accordingly. We agree with defendants that the applicable deeds did not create a revocable license to use "the existing roadway." Rather, plaintiffs' deed contains an easement by express grant for wheeled vehicles on the existing roadway at the rear portion of plaintiffs' property. "The deed reasonably describes the property where the easement exists and the fact that it fails to give the precise location does not preclude a find-

ing that an easement was intended" (*Clements v Schultz*, 200 AD2d 11, 13-14 [1994]). We reject plaintiffs' contention that there is an issue of fact with respect to the location of the existing roadway, particularly in view of the affidavit of plaintiff husband indicating that the roadway had been in continuous use in the present location since the mid-1960s. Also contrary to plaintiffs' contentions, the record establishes that the utility easement was created by express grant and was recorded in plaintiffs' chain of title, and the record further establishes that defendants' use of the easement was open and visible (*see generally Pallone v New York Tel. Co.* [appeal No. 1], 34 AD2d 1091 [1970], *affd* 30 NY2d 865 [1972]). We have examined defendants' remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Lunn, Fahey, Green and Pine, JJ.