22-1763-cv
*Surrey Propco LLC v. Denihan Ownership Company, LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand twenty-three.

Present:

> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

SURREY PROPCO LLC,

> *Plaintiff-Appellant*,

v.                                                                                              22-1763-cv

DENIHAN OWNERSHIP COMPANY, LLC,

> *Defendant-Appellee*.[*]

---

| | |
|---|---|
| For Plaintiff-Appellant: | Peter D. Raymond, Brian A. Sutherland, Steven Cooper, Reed Smith LLP, New York, NY |
| For Defendant-Appellee: | Kristen McCallion, Vivian Cheng, Fish & Richardson P.C., New York, NY |

---

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Surrey Propco LLC ("Propco") appeals from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*), entered on July 14, 2022. Propco sued Defendant-Appellee Denihan Ownership Company, LLC ("Denihan") primarily under the Lanham Act, alleging that Propco acquired a common-law trademark associated with hotel services ("THE SURREY" trademark) through a December 2020 sale-purchase agreement (the "Agreement") that conveyed primarily the buildings and land (together, the "premises") located at 20 East 76th Street, New York, New York. For nearly a century, the premises had been home to the Surrey Hotel, though it was owned, leased, and managed by multiple entities. Since 1971, Denihan or an affiliated entity had leased the premises and run the Surrey Hotel, and, in 2006, Denihan applied for and received a registration for THE SURREY trademark. As of December 2020, Denihan was no longer the tenant at the premises.

Propco brought a claim of trademark infringement against Denihan for its continued use of THE SURREY trademark after Propco acquired the premises and purportedly acquired a common-law trademark. Propco also sought cancellation or assignment of Denihan's trademark registration, as well as a declaration that it, not Denihan, owned THE SURREY trademark. The district court granted Denihan's motion for judgment on the pleadings, concluding that Propco failed to show any ownership in THE SURREY trademark and dismissing the complaint, in part, for failure to state a claim and, in part, for lack of subject matter jurisdiction. We assume the parties' familiarity with the case.

2

We review *de novo* a district court's order granting a motion for judgment on the pleadings. *Matzell v. Annucci*, 64 F.4th 425, 433 (2d Cir. 2023). The standard of review for such a motion is the same as for a motion to dismiss under Rule 12(b)(6). *Id.* In other words, this Court must accept as true all factual allegations in the complaint and resolve all inferences in favor of the non-moving party. *Peretti v. Authentic Brands Grp. LLC*, 33 F.4th 131, 137 (2d Cir. 2022).

Propco first argues that, despite the district court's statement that it "need not determine" ownership of THE SURREY trademark, the district court nonetheless concluded that the seller under the Agreement did not own the trademark. Appellant's Br. at 21–22 (quoting Special App'x at 10). In Propco's view, that conclusion influenced the district court's erroneous interpretation of the Agreement. We reject Propco's argument. Only *after* interpreting the Agreement not to have conveyed any interest in THE SURREY trademark did the district court determine that, in any event, Propco had failed to allege facts sufficient to establish the seller's ownership of a common-law trademark. Because the district court's initial determination was dispositive of Propco's claims, the district court was correct that a separate determination of the seller's ownership rights in THE SURREY trademark was not necessary to award Denihan judgment on the pleadings. In other words, we agree with the district court that it is not necessary to determine whether the seller owned THE SURREY trademark because, as we discuss below, the unambiguous terms of the Agreement did not transfer that trademark to Propco.

Propco next argues that the Agreement's express terms conveyed THE SURREY trademark to Propco. Applying New York law, this Court looks first to the language, "for a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Quadrant Structured Prods. Co., Ltd. v. Vertin*, 23 N.Y.3d 549, 559–60 (2014) (internal quotation marks omitted). "Ambiguity in a contract arises when the contract,

3

read as a whole, fails to disclose its purpose and the parties' intent, or when specific language is susceptible of two reasonable interpretations." *Donohue v. Cuomo*, 38 N.Y.3d 1, 13 (2022). New York courts also apply the *expressio unius est exclusio alterius* canon, such that, "[e]ven where there is ambiguity, if the parties to a contract omit terms—particularly, terms that are readily found in other, similar contracts—the inescapable conclusion is that the parties intended the omission." *Quadrant Structured Prods.*, 23 N.Y.3d at 560.

Here, the district court concluded that the rights and interests conveyed to Propco under the Agreement were "specifically enumerated." Special App'x at 8. Those included, among other things: the parcel of land located at 20 East 76th Street; the buildings and improvements on that land; and "the appurtenances and all the estate and rights of Seller in and to" that land and those buildings. App'x at 357. The district court observed that the term "appurtenances" was specifically defined for purposes of the Agreement and that the Agreement "similarly enumerate[d]" the rights, title, and interest invoked by that term. Special App'x at 8. The district court also reasoned that, because the rights, title, and interest enumerated under "appurtenances" included, for example, air rights, easements, and vehicle parking rights, neither that term nor the phrase "the estate and rights . . . in and to the Land and Building," App'x at 357, encompassed, as Propco had asserted below, "all of the associated intellectual property," Special App'x at 8–9.

Propco argues that the quoted language triggered Section 255 of New York Real Property Law, which provides that the phrase "together with the appurtenances and all the estate and rights of the grantor in and to said premises" must be construed broadly to mean:

> together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, dower and right of dower, curtesy and right of curtesy, property, possession, claim and demand whatsoever, both in law and in equity, of the said

4

> grantor of, in and to the said granted premises and every part and parcel thereof, with the appurtenances.

N.Y. Real Property Law § 255. And, at a high level of generality, Propco suggests that the definitions and enumerations in the Agreement were not sufficiently "explicit" to constitute "contractual reservation[s]" relative to § 255. But Propco never engages with the district court's detailed textual analysis of the Agreement's definitions and enumerations, which lay at the heart of its conclusion that the contractual definition of specific "appurtenances" (which did not list intellectual property) superseded any default definition of that term under New York law.[1] In other words, Propco has failed to identify any specific reasons on appeal why the district court's construction of the contractual language was incorrect. We decline to look for such reasons on our own, and therefore we will not disturb the district court's conclusion that the language of the Agreement did not convey any intellectual property. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").[2]

Because we affirm the district court's conclusion that the complaint did not plausibly allege that the Agreement conveyed THE SURREY trademark, we likewise affirm the district court's holding that Propco failed to state a claim for trademark infringement under the Lanham Act and

---

[1] Propco correctly observes that language triggering § 255 could, in theory, support the conveyance of intellectual property. In *Stogop Realty Co. v. Marie Antoinette Hotel Co.*, 217 N.Y.S. 106 (1st Dep't 1926), a court found that an agreement using the language of § 255 had impliedly transferred the Marie Antoinette Hotel name because, on unique facts, the hotel name had become "appurtenant to and inseparably connected with" the expressly transferred building. *Id.* at 112. But on appeal, Propco does not challenge the district court's interpretation that the Agreement here defined "appurtenances" in a manner that would not include a hotel name.

[2] The district court also relied on certain disclaimers of representations or warranties as to "the ownership of any service marks, tradenames or trademarks," App'x at 334, to support its conclusion that the parties to the Agreement did not intend to convey intellectual property. Of course, "[a] disclaimer of warranty merely serves to limit the remedies available against the grantor" and "does not diminish or extinguish the nature of the interest transferred," *Evans v. Taraszkiewicz*, 510 N.Y.S.2d 243, 244 (3d Dep't 1986), but it is nevertheless relevant that no language in the Agreement that conveys property references intellectual property and that the only language in the Agreement that does reference intellectual property disclaims the seller's ownership of it or acknowledges a third party's (i.e., Denihan's) claim to it, *see Quadrant Structured Prods.*, 23 N.Y.3d at 560.

for a declaratory judgment that it was the rightful owner of the trademark. *See Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 84 (2d Cir. 2013). And in the absence of a valid claim for trademark infringement, the district court properly dismissed Propco's trademark cancellation claim for lack of subject matter jurisdiction. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98-99 (2d Cir. 2011) (holding that the trademark cancellation provision of the Lanham Act "creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction").

Propco also argues that the district court abused its discretion by entering judgment without giving Propco leave to amend. Courts should "freely give leave" to amend "when justice so requires," Fed. R. Civ. P. 15(a), but the decision whether to grant or deny a motion for leave to amend is generally within "the sound discretion of the court," *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). Acting with that discretion, the district court may "deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006). Propco did not formally move for leave to amend the complaint but argued on the last page of its opposition to Denihan's motion for judgment on the pleadings that, if the motion were granted, Propco should be given leave to amend. It did not advise the district court how the complaint's defects would be cured, and we thus find no abuse of discretion in the district court's entry of judgment without giving Propco leave to amend. *See Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006).

\*     \*     \*

We have considered all of the arguments Propco raises on appeal and find them unpersuasive. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk