■ FREDERICK POMYGALSKI et al., Respondents, v EAGLE LAKE FARMS, INC., et al., Appellants. [596 NYS2d 535] —Weiss, P. J. Appeals (1) from a judgment of the Supreme Court (Conway, J.), entered March 27, 1992 in Albany County, which, *inter alia,* granted plaintiffs' motion for summary judgment, and (2) from an order of said court, entered June 9, 1992 in Albany County, which denied defendants' motion for reconsideration.

In 1967, plaintiffs purchased a lot in the Town of Rensselaerville, Albany County, from Ray Trautman which was subdivided out of a larger parcel of land which Trautman owned. The deed included an easement for limited recreational use of and access to a bathing beach on the existing Triangle Lake and to another beach to be designated on a second lake yet to be constructed on Trautman's land. Eric Trautman succeeded to his father's title of the remaining servient parcel and, in 1976, allegedly constructed an impoundment dam resulting in a lake. Following several deeds to purchasers of parcels, the remainder of the servient land was leased to William Holscher and Rosalind Holscher, who in July 1990 prevented plaintiffs from crossing over the premises that they leased, thus denying plaintiffs access to the lake and the beach. In August 1991, the Holschers charged plaintiffs with trespassing on their property and Town Court rendered an oral directive enjoining plaintiffs from entry upon the Holschers' property until resolution of plaintiffs' claim to the easement in a civil action. On October 12, 1991, defendant Eagle Lake Farms, Inc., a corporation of which Rosalind Holscher is the president, took title to the servient parcel then occupied by the Holschers. Plaintiffs commenced this RPAPL article 15 action and, after joinder of issue, moved for sum-

mary judgment. Defendants cross-moved for similar relief. Defendants appeal from the judgment which granted plaintiffs' motion and denied their cross motion. Defendants' motion for reconsideration was denied and they have also appealed from that order.

Defendants contend that Eagle Lake took title to the property including the lake without notice of plaintiffs' easement. Although this contention was not raised before Supreme Court and, therefore, has not been preserved for our review *(see, Szigyarto v Szigyarto,* 64 NY2d 275; *Diller v Munchmeyer,* 130 AD2d 868, 869, *lv denied* 70 NY2d 605; *Matter of Schiavone Constr. Co. v Larocca,* 117 AD2d 440, 444, *lv denied* 68 NY2d 610),* we find that the argument should be rejected. A grantee of land takes title subject to duly recorded easements that have been granted by his predecessors-in-title *(see, Zunno v Kiernan,* 170 AD2d 795, 796). The June 16, 1967 deed from Ray Trautman to plaintiffs clearly contains the disputed easement granting plaintiffs the right to use the lake and have ingress and egress to it over and along all roads leading to the beaches. Moreover, because the Holschers prosecuted plaintiffs for trespass in Town Court before Eagle Lake took title to the servient parcel, they can hardly contend they did not have actual notice of plaintiffs' claimed easement *(see, supra,* at 796).

Defendants next contend that summary judgment was inappropriate because triable issues of fact remained unresolved. We disagree. The easement was conditioned upon the creation of a proposed lake and designation of a bathing beach and is not dependent upon who actually constructed the lake. The affidavits and exhibits in the record adequately establish that a lake was constructed on the property and that plaintiffs together with owners of lots purchased from Ray Trautman had access to and used the lake extensively for years. Defendants' opposition failed to raise genuine factual issues sufficient to defeat the motion *(see, Zuckerman v City of New York,* 49 NY2d 557).

Defendants next contend that Supreme Court erred in determining that plaintiffs had an easement rather than a personal license. This issue was raised by defendants for the first time in a motion to resettle the judgment, which motion Supreme Court denied and was not appealed. Moreover, the deed recites that the easement was "granted" without any suggestion that the grant was temporary or that the grantor retained any right of revocation *(see, Evans v Taraszkiewicz,* 125 AD2d 884, 885-886). Words of inheritance are not neces-

sary *(see, Wilcox v Reals,* 178 AD2d 885, 886). The easement was to be used in common with other grantees who have in fact made extensive use of the lake and the beach. We find that the record adequately supports the determination of Supreme Court.

We further find no error in the location of the easement by Supreme Court. The original designated location of the beach was not disputed and, once located, became fixed and could not be changed without plaintiffs' consent *(see, Dowd v Ahr,* 78 NY2d 469, 473). The owners of the servient estate have the right to designate an access route provided that such route is reasonable and convenient under all the circumstances *(see, Mosher v Hart,* 157 AD2d 931).

Finally, we find that defendants' motion for reconsideration was essentially one for reargument addressed to the court's discretion and, if denied, is not appealable *(see, Schenkers Intl. Forwarders v Meyer,* 164 AD2d 541, 544, *lv denied* 78 NY2d 852). We further find that defendants failed to offer new material not available at the time the motion was originally made. Because all of the facts and theories were available at the earlier time and no explanation has been offered for the failure to advance them at that time, Supreme Court properly concluded that the motion to renew should be denied *(see, Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819; *Foley v Roche,* 68 AD2d 558, 568).

Yesawich Jr., Levine, Crew III and Mahoney, JJ., concur. Ordered that the judgment and order are affirmed, with costs.