■ THOMAS ELIOPOULOUS, Appellant, v LAKE GEORGE LAND CONSERVANCY, INC., Respondent. [854 NYS2d 601]—

Malone Jr., J. Appeal from an order and judgment of the Supreme Court (Krogmann, J.), entered May 4, 2007 in Washington County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff entered into a purchase and sale agreement with defendant to convey a piece of real property commonly known as Anthony's Nose, contained within a larger parcel known as Great Lot 99, and located in the Town of Putnam, Washington County. The conveyance was made subject to plaintiff's reservation of certain easements and smaller parcels of land. At the time the parties entered into the agreement, a precise metes and bounds description was not available as plaintiff had acquired the property through a deed by exception. Consequently, the agreement contained two exhibits, one being a map with a crosshatched portion identifying the property to be conveyed and the second being a proposed deed description based upon subdivision maps and prior conveyances. The agreement further provided that a survey would be conducted and that a more modern description would be prepared by the surveyor to be used in a corrective deed to be executed and recorded after the closing.

Following the closing, defendant obtained a survey of the property and unilaterally filed a corrective deed utilizing the

metes and bounds description prepared by the surveyor. Plaintiff objected to the surveyor's description on the basis that it erroneously included approximately 20 acres of property known as the Clifton Parcel which he contended was specifically excluded from the sale. When defendant refused to rectify this error, plaintiff commenced this action. Following joinder of issue, defendant moved for summary judgment and plaintiff cross-moved for the same relief. Supreme Court, among other things, granted defendant's motion and dismissed the complaint. This appeal by plaintiff ensued.

Resolution of this case turns upon the interpretation to be given the deed description referenced in the parties' agreement and contained in the deed transferring the property, and whether it was intended to include the Clifton Parcel. Preliminarily, we note that while the construction of a deed is generally a question of law for the court (*see Spencer v Connolly*, 25 AD3d 832, 834 [2006]), "[w]here a deed is ambiguous with respect to the description of the property, a party is entitled to demonstrate the grantors' true intent through extrinsic proof" (*Shawangunk Conservancy v Fink*, 261 AD2d 692, 694 [1999]). Moreover, where the extrinsic evidence presented raises a question of fact, summary judgment is inappropriate (*see Aronson v Riley*, 59 NY2d 770, 773 [1983]).

In the case hand, the description identifies the property, in relevant part, as: "All of Grantor's right, title and interest in Great Lot 99 and generally referred to as 'Anthony's Nose,' as shown on the 'Map of Part of Lands Owned by Glenburnie Company showing Subdivisions as made by E.B. Walton 1907. Amendments by W.G. Watts, 1937', including 'Sheet No. 4' (collectively the 'Maps')." As is pertinent here, it excludes from the conveyance:

"(a) all those smaller parcels of land shown on the Maps as part of the subdivision, and two other lots (now or formerly the McClure . . . and Warick lots) which adjoin Lake George Avenue North and which were previously conveyed out of Great Lot 99 by Grantor's predecessors, but which were not shown on the Maps;

"(b) rights and easements of Grantor and others in Horicon Avenue, Mohican Avenue, and Woodbine Avenue as they exist within that portion of Great Lot 99 being conveyed hereunder."

The description further contains the proviso that "[t]he Grantor does not intend to convey any smaller lots shown on the Maps, or portion thereof, or any right therein, as part of this conveyance."

It is apparent from a plain reading of the deed description

that it does not clearly identify the Clifton Parcel as excluded property and is ambiguous in this regard. Consequently, extrinsic evidence is necessary to ascertain the parties' intent. We turn first to the referenced maps consisting of the 1907 subdivision map and the 1937 amendments (hereinafter collectively the 1907 map), and sheet No. 4. The 1907 map depicts a fairly large subdivision that traverses Lots 91, 98 and part of Great Lot 99, but does not specifically identify the Clifton Parcel, the boundaries of Great Lot 99 or provide any acreage. While sheet No. 4 does not depict the subdivision, it identifies the boundaries and acreage of Lot 98, as well as Great Lot 99, which it states consists of 100 acres. It also separately delineates the Clifton Parcel, which it states consists of 25 acres.

The reference in the deed description to sheet No. 4, which separately identifies the Clifton Parcel, as well as plaintiff's reservation of rights and easements over various avenues that lead to this portion of Great Lot 99, suggest that the Clifton Parcel was intended to be included as part of the conveyance. A contrary conclusion, however, is supported by the reservation in subdivision (a) of "all those smaller parcels of land shown on the Maps as part of the subdivision" and the proviso that plaintiff "does not intend to convey any smaller lots shown on the Maps" given that the Clifton Parcel is a smaller parcel, covers an area adjoining the subdivision depicted on the 1907 map and a portion of it appears to actually have become a part of said subdivision at some point in time. This conclusion is further supported by the fact that the crosshatched map, which appears to encompass the Clifton Parcel and was an exhibit to the parties' agreement, is not referenced in the deed transferring the property.

In light of the foregoing, and considering the discrepancies in the acreage of the respective parcels at issue, we are of the view that there is a question of fact as to whether the Clifton Parcel was intended to be excluded from the sale. Inasmuch as we find that neither party is entitled to summary judgment, that part of Supreme Court's order granting it in favor of defendant must be reversed and the complaint reinstated. Furthermore, we do not find that the remedy of rescission is appropriate here absent a showing that the parties made a mutual and substantial mistake at the time that they signed the agreement (*see Shults v Geary*, 241 AD2d 850, 852 [1997]). To the contrary, the record establishes that both parties intended the conveyance to include property commonly known as Anthony's Nose and were willing to proceed with the transaction even though they were unaware of its precise dimensions.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment; motion denied; and, as so modified, affirmed.