◼ Leonard S. Leaman Jr. et al., Respondents, v James M. McNamee, Appellant. [870 NYS2d 612]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Hummel, J.), entered November 30, 2007 in Columbia County, which, among other things, granted plaintiffs' motion for summary judgment.

The parties dispute the location and length of an easement providing for a "road or private way" on defendant's property. In 1911, brothers James McNamee and Daniel McNamee purchased a parcel on Queechy Lake in Columbia County as tenants in common, and the relevant property has since

remained in the family; plaintiffs are descendants of Daniel Mc-Namee and defendant is a descendant of James McNamee. At the time of the original purchase, there was one cottage on the parcel, which was used by Daniel McNamee (this is now plaintiffs' cottage) and in 1913 James McNamee built a cottage next to it for his use (this became defendant's cottage). In 1941, the surviving brother and the other brother's estate carved two separate parcels, each with a cottage, out of the original tract, and the deeds granted several easements in favor of plaintiffs' lot and burdening the lot now owned by defendant.

When defendant replaced his cottage with a new residence in 2005—allegedly constructed in the same footprint as the cottage—a disagreement developed regarding the extent of the roadway easement. Basically, defendant contended that it permitted plaintiffs to drive vehicles upon a small section of his lot and then access their cottage over a footpath across defendant's lot to their cottage. Plaintiffs countered that the entire area characterized by defendant as a footpath was a road upon which they could drive (passing within a few feet of defendant's cottage). This action pursuant to RPAPL articles 5 and 15 ensued, and both parties moved for summary judgment. Supreme Court denied defendant's motion and granted plaintiffs' motion, enjoining defendant from interfering with a 12-foot vehicular right-of-way across his property and directing him to restore the right-of-way to its condition prior to his recent construction. Defendant appeals.

"The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (*Hopper v Friery*, 260 AD2d 964, 966 [1999] [citations omitted]; *see Sambrook v Sierocki*, 53 AD3d 817, 818 [2008]; *Clark v Filler*, 26 AD3d 683, 684 [2006]). The July 1941 deed in which plaintiffs' predecessors transferred a separate parcel to defendant's predecessors provided: *"Excepting and Reserving* from this conveyance, however, the use in common with said James McNamee, his heirs and assigns, of a certain well of water located upon the land herein conveyed, and of that portion of a road or private way leading to Route 295—State road—located upon the same land, and also the right and privilege of crossing said land by a foot path, as it now exists, to and from said well of water and to and from said road or private way." Drafted at the same time, the deed in which plaintiffs' predecessors received their tract of land from defendant's predecessors contained similar language regarding easements. Indeed, it is undisputed that three easements were created in the 1941 deeds

(i.e., well water access, use of road, use of footpath), including the disputed one providing for the owners of plaintiffs' parcel to use a road or private way on defendant's parcel leading to Route 295. However, the location and length of that road on defendant's parcel cannot be clearly discerned from the language employed. Thus, it is proper to look to extrinsic evidence (*see Eliopoulous v Lake George Land Conservancy, Inc.*, 50 AD3d 1231, 1232 [2008]; *Raven Indus., Inc. v Irvine*, 40 AD3d 1241, 1242 [2007]; *cf. Wechsler v People*, 13 AD3d 941, 943 [2004]).

The record is replete with conflicting extrinsic evidence. Differing descriptions and recollections of the location, length, and use of the road (and footpath) are set forth in numerous affidavits from relatives of the parties as well as local seasonal residents, some of whom have resided in the area since before the 1941 deeds were executed. The conflicting surveys submitted by the parties are not dispositive. While the 1911 survey produced by plaintiffs provides considerable support for their position, it is not clear that the road was still in the same location or length in 1941 as depicted on that survey. Notably, that survey is not referenced in the easement description in the 1941 deeds. Defendant's survey reflects that, by 2000, the road had changed from 1911; when that change occurred cannot be discerned as a matter of law from the submitted materials. The opinion of plaintiffs' title examiner, which is based upon his reading of the relevant recorded documents, is not dispositive because those documents alone simply do not resolve the germane issues and, in any event, even he fails to set forth a precise location or length of the road easement (which are the issues at the crux of this dispute). Plaintiffs' alternative argument that they established an easement by implication is unpersuasive because there are factual issues as to whether there has been a longstanding continuous and obvious use of the disputed area as a road for vehicles (*see O'Connor v Demarest*, 280 AD2d 878, 880 [2001]; *see also Thomas Gang, Inc. v State of New York*, 19 AD3d 861, 862 [2005]).

Finally, we note that, if the parties are unable to settle this case and resolution of the factual issues at trial results in a determination that the easement crosses defendant's entire lot, this appears to be a case where relocating the road from its current close proximity to defendant's residence might be appropriate (*see Lewis v Young*, 92 NY2d 443, 452 [1998]; *Estate Ct., LLC v Schnall*, 49 AD3d 1076, 1077 [2008]; *Chekijian v Mans*, 34 AD3d 1029, 1031 [2006], *lv denied* 8 NY3d 806 [2007]; *Green v Blum*, 13 AD3d 1037, 1037-1038 [2004]).

The remaining arguments have been considered and are either academic or unavailing.

Peters, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much there as granted plaintiffs' motion for summary judgment; said motion denied; and, as so modified, affirmed.