■ ALLAN L. JORDAN et al., Appellants, v JOHN J. VOGEL, Defendant, and MICHAEL S. WALLACE, Respondent. [874 NYS2d 306]—

Stein, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered January 14, 2008 in Delaware County, which granted defendant Michael S. Wallace's motion for summary judgment dismissing the complaint against him.

This appeal involves the description and location of an easement. Plaintiffs acquired the easement in question from William Egan Jr., allowing them to use water from a pond on Egan's property to generate electricity for their home. Defendants Michael S. Wallace and John J. Vogel each later acquired land from Egan's widow, with Vogel acquiring the land subject to plaintiffs' easement. Wallace subsequently sold to plaintiffs a portion of his land which bordered the pond. Plaintiffs commenced this action pursuant to RPAPL article 15 alleging that Vogel was interfering with plaintiffs' easement. Wallace was joined as a defendant to the action on the sole basis that his property might be affected. Wallace moved for summary judgment dismissing the complaint against him on the ground that his property did not encompass the easement in dispute. Supreme Court granted the motion and plaintiffs now appeal.

We reverse. Preliminarily, we note that, while the construction of an instrument conveying real property, including any easements set forth therein, is ordinarily a question of law for the court to determine, where the description of the subject of the conveyance is ambiguous, the grantor's intent may be demonstrated by extrinsic evidence (*see Eliopoulous v Lake George Land Conservancy, Inc.*, 50 AD3d 1231, 1232 [2008]; *Spencer v Connolly*, 25 AD3d 832, 834 [2006]; *Webster v Ragona*, 7 AD3d 850, 853-854 [2004]; *Town of Guilderland v Swanson*, 29 AD2d 717, 718-719 [1968], *affd* 24 NY2d 872 [1969]). "Moreover, where the extrinsic evidence presented raises a question of fact, summary judgment is inappropriate" (*Eliopoulous v Lake George Land Conservancy, Inc.*, 50 AD3d at 1232 [citation omitted]). It is also well settled that there is a presumption that easements adjoining nonnavigable ponds and streams include access to the center of the water (the low water mark at common law), but the parties may alter this presumption by express terms in the deed (*see Gouverneur v National Ice Co.*, 134 NY 355, 364-365 [1892]; *Knapp v Hughes*, 25 AD3d 886, 890 [2006], *lv dismissed* 7 NY3d 921 [2006]).

Here, the agreement between plaintiff Allan L. Jordan and Egan expressly describes the easement as consisting of "100 feet in width around the perimeter of said pond." The parties agree that the easement is 100 feet wide and that the intention was to measure the easement from the perimeter, rather than the center, of the pond. However, Wallace claims that the easement should be measured from the "water's edge," while plaintiffs contend that it should be measured from the top of the pond bank. Thus, in support of his motion, Wallace provided a survey measuring the easement from what he deemed to be the perimeter of the pond—the water's edge—which established that the easement did not include his property. In contrast, the survey offered by plaintiffs in opposition to Wallace's motion measured the easement from the high water mark of the pond, including the pond bed, certain culverts and the top of the pond bank. As so measured, the easement was encompassed within Wallace's property.

Each party offered extrinsic evidence supporting the interpretation of the easement that they espouse. Since we find that the word "perimeter" is susceptible of more than one interpretation and, therefore, that the easement is not clear and unambiguous on its face, we conclude that plaintiffs created a triable issue of fact as to the location of the easement—and, specifically, whether any portion thereof is on Wallace's property (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324

[1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]; *Eliopoulous v Lake George Land Conservancy, Inc.*, 50 AD3d at 1232; *cf. Spencer v Connolly*, 25 AD3d at 834). Therefore, Wallace's motion for summary judgment should have been denied.

Cardona, P.J., Peters and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and motion denied.