PENELOPE L. SULLIVAN HUSH et al., Respondents, v JAMES E. TAYLOR et al., Appellants, et al., Defendants. [923 NYS2d 284]—

Mercure, J.P. Appeal from an order of the Supreme Court (Cerio, Jr., J.), entered June 11, 2010 in Madison County, which, among other things, granted plaintiffs' motion for summary judgment declaring the existence of certain easements across the real property of defendants James E. Taylor and Carol A. Larrabee.

In the late 1930s, Carrie Bushnell inherited a 25-acre parcel located on Oneida Lake in Madison County. The property, known as Bushnell Farm, is bordered by the lake to the north and State Route 31 to the south. Bushnell subdivided the lakefront portion into 16 lots and, between 1950 and 1955, she sold 14 of those lots. She retained two: a 60-foot-wide lot (hereinafter Western ROW) located five lots from the western boundary of Bushnell Farm, and a 50-foot-wide lot located two lots from the eastern border.

The lakefront lots are bordered to the south by a right-of-way known as White Haven Road (East-West). That road is bisected by another right-of-way known as White Haven Road (North-South), which runs south through the remainder of Bushnell Farm and connects with State Route 31. In the 1960s, Bushnell began to subdivide and sell off portions of Bushnell Farm located south of White Haven Road (East-West). The conveyances included easements over both White Haven Roads, as well as an additional lakefront easement for ingress and egress to Oneida Lake. Although the language describing the location of the additional easement varies, plaintiffs, who are the current owners

of some of these lots,[1] claim that the easement runs over the Western ROW. It is undisputed that the Western ROW was used for that purpose until 2006, at which time defendants James E. Taylor and Carol A. Larrabee (hereinafter collectively referred to as defendants) purchased that property as part of a larger parcel located south of White Haven Road (East-West) and impeded plaintiffs' use.

Plaintiffs commenced this action seeking, among other things, a declaration that they have either an express or a prescriptive easement for ingress and egress over the Western ROW, as well as the right to construct, maintain and use a dock. In their answer, defendants conceded that plaintiffs Mark Hibbard, Eileen Hibbard, Nancy Fellows and Linda Wig have the right to use the Western ROW for ingress and egress,[2] but disputed the remaining claims. Plaintiffs moved for summary judgment on their claim of an express easement, and Supreme Court granted the motion, declaring that all plaintiffs have an express right-of-way and easement for ingress and egress over the Western ROW as well as the right to construct, maintain and use a dock. Defendants appeal, and we now affirm.

Defendants initially argue that Supreme Court decided plaintiffs' motion prematurely without allowing defendants sufficient time for discovery. However, defendants' failure to request leave to conduct discovery renders this argument unpreserved for our review (*see General Elec. Capital Corp. v Highgate Manor Group, LLC*, 69 AD3d 992, 993 [2010]). With respect to the merits, defendants do not dispute that plaintiffs possess an easement to Oneida Lake. Rather, they dispute the location of the easement and contend that summary judgment is improper because the language granting the easements is ambiguous.

"[T]he construction of an instrument conveying real property, including any easements set forth therein, is ordinarily a question of law for the court to determine" (*Jordan v Vogel*, 59 AD3d 919, 920 [2009]; *see Eliopoulous v Lake George Land Conservancy, Inc.*, 50 AD3d 1231, 1232 [2008]). Where the description of the conveyance is not specific, extrinsic evidence may be used to demonstrate the grantor's intent (*see Albright v Davey*, 68 AD3d 1490, 1491 [2009], *lv denied* 14 NY3d 708 [2010]; *Leaman v McNamee*, 58 AD3d 918, 920 [2009]). If that

---

1. Plaintiff Beverly Torrey retains only a life estate in the parcel located at 2887 State Route 31, having conveyed the fee to her four children, who are also plaintiffs in this matter.

2. The Hibbard and Wig/Fellows easement over the Western ROW was described by metes and bounds.

evidence is disputed or subject to more than one interpretation, summary judgment is inappropriate (*see Jordan v Vogel*, 59 AD3d at 920; *Eliopoulous v Lake George Land Conservancy*, 50 AD3d at 1232).

We turn first to the language granting lakefront easements to plaintiffs Penelope L. Hush and James M. Hush, plaintiffs Peter Kilts and Sharon Kilts, and plaintiffs Dennis R. Loftus and Connie D. Loftus. That language conveys "the right to the use of a 60 foot right of way leading from the westerly end of [White Haven Road (East-West)] on [the Bushnell] Tract to the south shore of Oneida Lake." Defendants contended that the term "westerly end" is ambiguous and could be construed as referring to the westernmost 60-foot-wide lakefront lot, designated as lot 9 on the map submitted by plaintiffs. In response, plaintiffs rely upon an affidavit of Donna Barnell, whose aunt and uncle owned lot 9 during the relevant period. Barnell's affidavit, which was unrebutted, established that by the mid-1950s—several years before the Hush, Kilts and Loftus easements were originally created—lot 9 was improved by a cabin that would have restricted access to the lake. Barnell also submitted photographs depicting the cabin at that time. Furthermore, a 1964 aerial photograph shows that the only undeveloped lot on the western end of White Haven Road (East-West) was the Western ROW. In view of that uncontroverted evidence, Supreme Court properly determined that the right-of-way at issue encumbers the Western ROW.

As to the claim of plaintiffs L. David Chizzonite and Rosemarie Chizzonite, Bushnell originally conveyed their parcel in 1971, including the following easements: "There is also granted the use of all rights of way on the Bushnell Tract leading from Route #31 to the south shore of Oneida Lake." The Western ROW having been an existing right-of-way before 1971, it is necessarily included in the conveyance. Likewise, an easement over the Western ROW was included in the conveyance by Herman A. Bushnell and Shirley A. Bushnell to plaintiff Beverly Torrey, which granted "the right to the use of the rights of way over and across the former Carrie W. Bushnell Farm, which said rights of way extend northerly from State Highway No. 31 and including a sixty (60') foot right of way leading to the south shore of Oneida Lake." Defendants have submitted no proof regarding these conveyances that would raise material issues of fact precluding summary judgment.

Finally, we are unpersuaded by defendants' contention that Supreme Court improperly expanded the scope of certain plaintiffs' easements by including the right to construct,

maintain and use a dock. The installation of a dock at the end of an easement of this type "is a reasonable use incidental to the purpose of the easement" and is therefore permissible (*Higgins v Douglas*, 304 AD2d 1051, 1055 [2003]; *see Monahan v Hampton Point Assn.*, 264 AD2d 764 [1999]).

Defendants' remaining contentions have been considered and are either unpreserved or without merit.

Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.