Lahtinen, J.
Appeal from an order of the Supreme Court (Muller, J.), entered March 22, 2012 in Warren County, which, among other things, denied defendant’s motion for summary judgment dismissing the complaint.
It is undisputed that plaintiffs have a right to recreational use of defendant’s parcel on the western shores of Lake George in the Town of Hague, Warren County. How plaintiffs access that parcel is disputed. In 2002, plaintiffs purchased parcel 2 in the Lake Forest Acres subdivision and, since 1990, defendant has owned parcel 4, which is available to subdivision owners for recreational use. The subdivision contains 37 parcels, the vast majority of which are located away from the lake on the west of State Route 9N. However, parcels 1, 2, 3 and 4 are located between the lake’s shore and Route 9N. Parcels 1 and 4 border the lake (parcel 1 is north of parcel 4). Parcels 2 and 3 sit immediately west of parcels 1 and 4 and thus have no lake frontage. Although parcel 2 is primarily west of parcel 1 and thus diagonal to the northwest of parcel 4, nonetheless, parcels 2 and 4 share a common boundary line of about 20 feet in the northwest portion of parcel 4. Access over that shared boundary line is the focus of this litigation.
Most owners in the subdivision accessed parcel 4 for recreational use via a right-of-way over a driveway located on the southern side of parcels 3 and 4. Plaintiffs, however, simply walked from their parcel across the shared boundary line with parcel 4 over an area that was essentially a grass lawn. In the mid-to-late 2000s, defendant installed a garden, with a stone pathway through it, along the shared boundary line. In 2010 and apparently after a dispute with plaintiffs about homeowners’ maintenance fees, defendant, among other things, constructed a fence with no gate along the shared boundary line. *1368 Plaintiffs were instructed to access parcel 4 via the driveway south of parcels 3 and 4. Compared to their direct access, this resulted in a circuitous route whereby they had to go south along Route 9N some 100 feet and then east on the driveway located south of parcel 3 approximately another 100 feet before reaching parcel 4.
Plaintiffs commenced this action seeking to enjoin defendant from obstructing their alleged right-of-way across the shared boundary line. Defendant counterclaimed for unpaid maintenance fees and asserted, among other things, that the only deeded access to parcel 4 was a right-of-way over the driveway south of parcels 3 and 4. Defendant moved for summary judgment dismissing the complaint. Plaintiffs opposed the motion and ostensibly requested Supreme Court to search the record and grant them summary judgment. Supreme Court determined that — contrary to defendant’s contention — plaintiffs’ title documents did not set forth a right-of-way over the driveway. It found that plaintiffs had an undefined right-of-way over the shared boundary line and that their recreational rights to parcel 4 had been substantially diminished by defendant’s unilateral relocation of plaintiffs’ right-of-way. Accordingly, Supreme Court granted plaintiffs summary judgment on the right-of-way issue, ordered defendant to remove the fence blocking the shared boundary line and to construct a stone pathway through the garden, and directed defendant to permanently refrain from blocking the shared boundary line. Defendant appeals.
Defendant argues that the pertinent title documents are, at a minimum, ambiguous and that the extrinsic evidence raises factual issues regarding the manner of plaintiffs’ access to parcel 4. We cannot agree. “[T]he construction of a deed, including any easements set forth therein, is generally a question of law for the court, with extrinsic evidence being considered only if there are ambiguities” (Spencer v Connolly, 25 AD3d 832, 834 [2006]; see Real Property Law § 240 [3]; Hush v Taylor, 84 AD3d 1532, 1533-1534 [2011]; Jordan v Vogel, 59 AD3d 919, 920 [2009]). As owners in the subdivision, plaintiffs’ deed sets forth various rights regarding parcel 4, including swimming privileges, docking privileges and — as relevant here — recreational privileges. The recreational right is broadly set forth as having “the right to use, for recreational purposes, Parcel #4.” Significantly, this is not a right merely to cross parcel 4 to reach the lake. Consistent with the expansive right granted, subdivision owners exercised the recreational right in sundry manners, such as having picnics in various places on parcel 4 or placing chairs on the parcel to enjoy the view. Once on parcel 4, there is *1369 no relevant limitation — other than reasonableness and safety — as to where on the parcel subdivision owners exercised their recreational rights (see generally Bruce & Ely, The Law of Easements and Licenses in Land, Location and Dimensions of Easements § 7:3).
Plaintiffs’ deed, unlike many others in the subdivision, does not set forth the driveway as the manner to access parcel 4. Since the right to recreational use extends to and includes the land along plaintiffs’ shared boundary with parcel 4, it is apparent that there was no need to provide for separate access. Simply stated, plaintiffs had the recreational right to walk along the boundary on the parcel 4 side and, absent a relevant restriction, it follows that they necessarily could step from their property on parcel 2 to a place on parcel 4 authorized by the recreational right. Given these unique circumstances and the absence of any language in plaintiffs’ pertinent documents directing or restricting access to only the driveway, we agree with Supreme Court that, as a matter of law, plaintiffs must be permitted reasonable access at some point along the shared boundary. Moreover, unilaterally changing plaintiffs’ access to the circuitous route, as directed by defendant, manifestly increases plaintiffs’ burden and significantly lessens the utility of their access (see Lewis v Young, 92 NY2d 443, 452 [1998]).
We do, however, find merit in defendant’s contention that it was improper within the context of this summary judgment motion to direct complete removal of the entire fence along the shared boundary and installation of a pathway comprised of a specific material through the garden at the boundary. Plaintiffs’ proof did not establish as a matter of law that such sweeping relief was necessary to restore their reasonable access to parcel 4 (see Sambrook v Sierocki, 53 AD3d 817, 818 [2008]; cf. Williams v McNee, 80 AD3d 1020, 1021 [2011]), and the parties should be accorded the opportunity to present proof regarding their conflicting contentions in such regard.
Peters, P.J., Stein and Egan Jr., JJ, concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed defendant to completely remove the fence along the entire shared boundary and as directed defendant to construct a stone pathway; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.