Finster Inc. et al., Respondents, v Ann M. Albin et al., Appellants, et al., Defendants. [58 NYS3d 745]—

McCarthy, J.P. Appeal from an order of the Supreme Court (Tailleur, J.), entered July 5, 2016 in Greene County, which, among other things, partially granted plaintiffs' motion for summary judgment.

In July 2007, plaintiff Finster Inc., a New York corporation, purchased four parcels of real property collectively known as 70 Middle Road in the Town of New Baltimore, Greene County.

Finster's sole shareholder and director, plaintiff Mark A. Tornello, built a garage in 2008 on a portion of the property located in a former quarry. Because a steep grade separates the quarry area from the rest of the Finster property, Tornello accessed the garage via an unpaved road that crosses two neighboring properties (hereinafter the disputed driveway). Defendants Mary Murphy and James Murphy own one of these properties and defendant Ann M. Albin owns the other. Defendant Jayme A. Albin is Ann Albin's husband, and defendant Janet Lockwood holds a life estate in the Albin property. In June 2012, Tornello discovered that a gate had been erected on the Albin property that prevented him from using the disputed driveway and accessing the garage.

Plaintiffs thereafter commenced this action seeking, among other things, a declaration that Finster owns a right-of-way over the Albin and Murphy properties at the location of the disputed driveway—either by an easement appurtenant or an easement by necessity—and an order permanently enjoining defendants from impeding plaintiffs' use of that right-of-way. The Albins, the Murphys and Lockwood answered jointly and filed a counterclaim seeking, among other things, damages for plaintiffs' alleged trespass and an order permanently enjoining Tornello from entering onto their property. Plaintiff moved, by order to show cause, for a preliminary injunction ordering that the impediments to using the disputed driveway be removed and that defendants not take any actions that restrict access to the disputed driveway. After conducting a hearing and visiting the property, Supreme Court (Pulver Jr., J.) preliminarily enjoined defendants from blocking access to the garage.

In April 2016, plaintiffs moved for summary judgment seeking, among other things, the requested permanent injunction, dismissal of defendants' counterclaims and $25,000 in damages. Ann Albin, the Murphys and Lockwood (hereinafter collectively referred to as defendants) opposed plaintiffs' motion and cross-moved for summary judgment dismissing the complaint. In a decision and order, Supreme Court (Tailleur, J.) found that certain deeds submitted by plaintiffs showed that a right-of-way over the Albin and Murphy properties benefitted the Finster property, thus meeting plaintiffs' initial burden. The court further found that these deeds had not been controverted, and, accordingly, it partially granted plaintiffs' motion to the extent of declaring that plaintiffs hold an unobstructed right-of-way over the Albin and Murphy properties and by permanently enjoining defendants from impeding access to the garage. Defendants appeal.

Supreme Court erred by partially granting plaintiffs' motion. "The extent and nature of an easement must be determined by the language contained in the grant [or reservation], aided where necessary by any circumstances tending to manifest the intent of the parties" (*Leaman v McNamee*, 58 AD3d 918, 919 [2009] [internal quotation marks and citations omitted]; *see Hush v Taylor*, 84 AD3d 1532, 1533 [2011]). Where a description of property rights in a deed is ambiguous, consideration of extrinsic evidence is appropriate to ascertain the parties' intentions (*see Jordan v Vogel*, 59 AD3d 919, 920 [2009]; *Eliopoulous v Lake George Land Conservancy, Inc.*, 50 AD3d 1231, 1232 [2008]).

Initially, and as defendants concede, Finster holds an easement appurtenant as to defendants' respective properties. However, defendants contest that said easement includes the disputed driveway. In support of their motion for summary judgment, plaintiffs submitted various deeds for the three subject properties, all of which were once owned by Alonzo Lands. Lands initially conveyed what is currently the Murphy property to a third party in 1961. The deed, however, reserved "an unobstructed right[-]of[-]way to be used for a private road way or drive over the property to [Lands], his heirs and assigns for all properties where said road or drive[ ]way now exists at or near same and along and for all the lots in said plot." Lands initially conveyed what is currently the Albin property in 1961 by a deed that included a similar reservation for "an unobstructed right[-]of[-]way to be used for a private road way or drive over the property to [Lands], his heirs and assigns for all properties where said road or driveway now exists at or near same and along and for all the lots on the west bank of the Hudson River in said plot." Further, it is uncontested that Finster's ownership of 70 Middle Road stems from a chain of title that goes back to a grant from Lands in 1970, and further, that each grant in that chain of title conveyed to the grantee any appurtenances held by the grantor. Thus, it is uncontested that Finster owns an easement appurtenant originally held by Lands that burdens defendants' respective properties. Nonetheless, the relevant deeds provide an ambiguous description of the location of Finster's easement appurtenant, merely referencing that it is at or near a road or driveway that existed in 1961.[1] Accordingly, as the deeds' descriptions of the relevant easement appurtenant are ambiguous as to its location, consideration of extrinsic evidence is warranted (*see Leaman v*

---

1. Both of the aforementioned deeds refer the reader to a map allegedly filed in the Greene County Clerk's office for a more specific description of the

*McNamee,* 58 AD3d at 919-920; *Eliopoulous v Lake George Land Conservancy, Inc.,* 50 AD3d at 1232-1233]).

Plaintiffs provided extrinsic evidence that included the deposition of Diane Cronheim. Cronheim was a trustee of the Christian Family Trust, which sold Finster 70 Middle Road, and she was familiar with the property as of approximately 1964. Cronheim testified that she was familiar with the area near the quarry, and her family would frequently access this area via a "wooded path roadway" that she also identified as being located approximately at the location of the disputed driveway. Cronheim explained that her family would use the quarry area for additional parking and, occasionally, target shooting. Cronheim had personally driven to the area via the wooded path roadway. In addition, plaintiffs submitted Tornello's affidavit, in which he explained that the disputed driveway was the only means of accessing the quarry parcel.

Assuming, without deciding, that Cronheim's testimony was sufficient to meet plaintiffs' prima facie burden establishing that the easement described in the deeds included the disputed driveway, or that Tornello's testimony was sufficient to support a prima facie claim for an easement by necessity,[2] defendants' submissions raised material issues of fact rendering summary judgment improper. Turning to those submissions, multiple longtime neighborhood residents provided sworn statements claiming that no roadway ever existed at the location of the disputed driveway prior to Finster's ownership of 70 Middle Road. Further, one neighbor contradicted Tornello's claim that the quarry property can only be accessed by the disputed driveway by claiming that it had historically been accessed by a different road. Hence, defendants' submissions raised material issues of fact as to whether Finster's easement appurtenant included the disputed driveway or, otherwise, whether the quarry parcel was landlocked, proof of which is essential to plaintiffs' easement by necessity claim (*see Lew Beach Co. v Carlson,* 77 AD3d 1127, 1129 [2010]). Accordingly, plaintiffs' motion for summary judgment should have been denied in its entirety (*see Jordan v Vogel,* 59 AD3d at 920-921; *Leaman v*

---

lots at issue, but said map was not provided by the parties on the motions, and, presumably, is missing.

2. Contrary to defendants' contention, plaintiffs' easement by necessity claim is properly preserved, as they explicitly alleged an easement by necessity in their complaint, explicitly moved for summary judgment on that ground and now explicitly argue, as an alternative ground for affirmance, that they established their entitlement to summary judgment based on an easement by necessity (*see generally Lew Beach Co. v Carlson,* 77 AD3d 1127, 1129 [2010]).

*McNamee*, 58 AD3d at 920). Plaintiffs' remaining arguments have been considered and are without merit.

Lynch, Devine, Clark and Aarons, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants Ann M. Albin, Janet Lockwood, Mary Murphy and James Murphy, by reversing so much thereof as partially granted plaintiffs' motion for summary judgment; said motion denied in its entirety; and, as so modified, affirmed.