Kheel v Molinari (2018 NY Slip Op 07228)





Kheel v Molinari


2018 NY Slip Op 07228


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018


[*1]THOMAS H. KHEEL, Appellant,
v
JOSEPH A. MOLINARI, Defendant.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Thomas H. Kheel, Ithaca, appellant pro se.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered October 10, 2017 in Tompkins County, which, among other things, denied plaintiff's cross motion for summary judgment.
Plaintiff and defendant are adjoining property owners. Defendant purchased his property in 2001, and plaintiff purchased his property in 1977. Prior to defendant's purchase, both properties were owned by plaintiff. Defendant's property includes a multifamily residence that connects to a septic system located on plaintiff's property, and there is a driveway that runs between the two properties that is primarily on plaintiff's property. In 2011, plaintiff erected a fence that blocked defendant's access to the septic system and driveway (hereinafter the subject property). Plaintiff commenced this action to quiet title and defendant asserted a counterclaim, seeking, as pertinent here, a declaration that he either acquired title to the subject property through adverse possession or that he had an easement on the subject property. Prior to completing any disclosure, both parties moved for summary judgment. After concluding that there were unresolved questions of fact, Supreme Court denied both motions. Plaintiff now appeals.
"To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right . . ., (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)" (Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012] [citations omitted]). As relevant here, "a claim of right" requires "a reasonable basis for the belief that the property belongs to the adverse possessor or property owner" (RPAPL 501 [3]; see Ziegler v Serrano, 74 AD3d 1610, 1611-1612 [2010], lv denied 15 NY3d 714 [2010]). Similarly, to establish a prescriptive easement claim, a party's use must be "adverse, open and notorious, continuous and uninterrupted for [at least 10 years]" (Di Leo v Pecksto Holding Corp., 304 NY 505, 512 [1952]; see Schwengber v Hultenius, 160 AD3d 1083, 1084 [2018]). "Under ordinary circumstances, an open, notorious, uninterrupted and undisputed use of a right of way is presumed to be adverse under claim of right and casts the burden upon the owner of the servient tenement to show that the use[] was by license" (Di Leo v Pecksto Holding Corp., 304 NY at 512 [internal quotation marks and citations omitted]) or was permissive (see Barlow v Spaziani, 63 AD3d 1225, 1226 [2009]; Allen v Mastrianni, 2 AD3d 1023, 1024 [2003]). In the context of [*2]prescriptive easements, the terms "hostile" and "adverse" are "defined to mean possession under a claim of right with the implied acquiescence of the owner" (5 Warren's Weed New York Real Property § 40.25 [2018]), and, "[g]enerally, the question of implied permission is one for the factfinder to resolve" (Schwengber v Hultenius, 160 AD3d at 1084 [internal quotation marks and citation omitted]).
In support of his motion for summary judgment, defendant submitted his own affidavit wherein he claimed that when he purchased the property, the listing notice included the driveway. Further, defendant claimed that he used the subject property continuously from the time that he purchased his property in 2001 until 2011, when plaintiff installed the fence blocking access. Defendant further claimed that the only way that he could access the septic tank for service was by using the driveway. In support of his cross motion, plaintiff submitted three duly recorded surveys dated 1949, 1981 and 2009, each indicating that the subject property lies on plaintiff's property. In addition, plaintiff included correspondence to support his claims that, before defendant purchased his property, plaintiff contacted the listing agents to advise that the driveway was not on defendant's property, that defendant sought and obtained a permit to move the septic tank and that shortly after defendant purchased his property, defendant acknowledged that the driveway was not on his property.
While it does not appear that there is a neighborly relationship between the parties, the record does not clearly establish the nature of defendant's use of the subject property during the prescriptive period. Based on the limited record, we agree with Supreme Court's conclusion that questions of fact with regard to the hostility of defendant's use preclude summary judgment in either party's favor on plaintiff's claim for a prescriptive easement (see Schwengber v Hultenius, 160 AD3d at 1085; Gulati v O'Leary, 125 AD3d 1231, 1233 [2015]). We find, however, that Supreme Court should have granted plaintiff's cross motion for summary judgment dismissing defendant's counterclaim seeking title by adverse possession. Defendant's pleadings and affidavit in support of his motion evince that he acknowledged during the statutory period that plaintiff owned the subject property and that defendant had no reasonable basis to believe that the property belonged to him (see RPAPL 501 [3]; Oppedisano v Arnold, 143 AD3d 873, 875 [2016]).
Defendant also sought summary judgment based on a theory of easement by necessity [FN1]. "The party asserting an easement by necessity bears the burden of establishing by clear and convincing evidence that there was a unity and subsequent separation of title, and that at the time of severance an easement over the servient estate's property was absolutely necessary" (Simone v Heidelberg, 9 NY3d 177, 182 [2007] [internal quotation marks, brackets, emphasis and citations omitted]). An easement by necessity "rests not on a preexisting use, but on the need for the way for the beneficial use of the property after conveyance" (Mobile Motivations, Inc. v Lenches, 26 AD3d 568, 570 [2006] [internal quotation marks and citation omitted]). Significantly, "the necessity must exist in fact and not as a mere convenience" (Heyman v Biggs, 223 NY 118, 126 [1918]) and "must be indispensable to the reasonable use for the adjacent property" (Simone v Heidelberg, 9 NY3d at 182; see Mau v Schusler, 124 AD3d 1292, 1295 [2015]).
In support of his claim for an easement by necessity, defendant submitted an affidavit by Gregory Cooper, a contractor engaged in engineering and installing septic systems. After reviewing a permit issued in 2001 and inspecting defendant's property, Cooper opined that the area designated for a new system in the permit "is not usable" because it would violate set-back requirements and not allow room to install a leach field. In fact, according to Cooper, there is no area on defendant's property that would be suitable for a leach field. Notably, the 2001 permit includes a note that "[d]ue to property restraints all separation distances may not be met." In [*3]support of his cross motion, plaintiff submitted correspondence wherein he questioned this comment. In response, the permitting agency responded that the "separation distances are not requirements for replacement systems such as the system for this property." Plaintiff contends that defendant could, in fact, install a septic system on his own property.
Based on these submissions, it is evident that the driveway, though likely more convenient, is not necessary for defendant to access his property, which is not landlocked (see Lew Beach Co. v Carlson, 77 AD3d 1127, 1129 [2010]). In contrast, defendant's property is not usable without a septic system. What remains unclear is whether it is necessary that the septic system remain in its present location — at least partially on plaintiff's property. The record also evinces factual questions regarding whether it is necessary for defendant to use the driveway to access the septic tank, which is wholly located on plaintiff's property. Given these factual issues, we find that Supreme Court properly determined that there were questions of fact precluding summary judgment on defendant's claim for an easement by necessity (see Finster Inc. v Albin, 152 AD3d 922, 925 [2017]); Freeman v Walther, 110 AD3d 1312, 1316 [2013]).
McCarthy, J.P., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiff's cross motion for summary judgment dismissing defendant's counterclaim for adverse possession; cross motion granted to said extent and said counterclaim dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: Although defendant did not assert a counterclaim for easement by necessity, because both parties addressed the merits of this claim and plaintiff never asserted any prejudice, Supreme Court properly considered this issue (compare Diamond Roofing Co., Inc. v PCL Props., LLC, 153 AD3d 1577, 1579 [2017]).