Gugino v Scripa (2024 NY Slip Op 03218)

Gugino v Scripa

2024 NY Slip Op 03218

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-0853
[*1]Joseph L. Gugino et al., Respondents,
v
Larry E. Scripa et al., Defendants, and Marlyn Park Drive, LLC, et al., Appellants.

Calendar Date:April 24, 2024

Before:Egan Jr., J.P., Aarons, Lynch, Reynolds Fitzgerald and Powers, JJ.

Barclay Damon LLP, Syracuse (Jon P. Devendorf of counsel), for appellants.
Fogel & Brown, PC, Syracuse (Gregory M. Brown of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Patrick J. O'Sullivan, J.), entered May 9, 2023 in Madison County, which, among other things, granted plaintiffs' motion for partial summary judgment.
Plaintiffs and defendants own parcels of real property in Marlyn Park, located near Cazenovia Lake, in the Town of Cazenovia, Madison County.[FN1] In 1958, plaintiffs' and defendants' predecessors in interest entered into a written agreement, deed and conveyance (hereinafter agreement) whereby they mutually agreed to allow one another and their successors and assigns to have a perpetual right-of-way and easement over an approximately 44-by-38-foot parcel of land, including the lakeshore frontage, "for the purposes of boating, bathing and docking." Since that time, plaintiffs have used the lot regularly, including, among other things, annually placing a seasonal dock in the center of the lake frontage. In February 2021, defendant Marlyn Park Drive, LLC (hereinafter MPD) purchased the 44-by-38-foot lakeshore frontage property and, in March 2021, installed a permanent dock in the area where the seasonal dock had always been. Plaintiffs commenced this action seeking, among other things, an order declaring that the lakeshore frontage parcel is for the common use of plaintiffs and for MPD to remove the permanent dock and restore the property. Thereafter, plaintiffs moved for partial summary judgment declaring plaintiffs' easement rights and injunctive relief. Supreme Court granted the motion, determining that plaintiffs had both an express appurtenant and prescriptive easement over the entire property, that said easements were year-round, and granted plaintiffs a permanent injunction directing MPD to remove the dock.[FN2] MPD appeals.
"An easement appurtenant is created through a written conveyance, subscribed by the grantors, that burdens the servient estate for the benefit of the dominant estate" (Dornan v Fort Ann Cent. Sch. Dist., 201 AD3d 1229, 1230 [3d Dept 2022] [internal quotation marks and citations omitted]; see Stone v Donlon, 156 AD3d 1308, 1309 [3d Dept 2017], lv dismissed 31 NY3d 1109 [2018], lv denied 33 NY3d 903 [2019]). "[O]nce created, an easement appurtenant runs with the land and passes to subsequent owners of the dominant estate through appurtenance clauses, even if it is not specifically mentioned in the deed" (Northwood Sch., Inc. v Fletcher, 190 AD3d 1136, 1139 [3d Dept 2021] [internal quotation marks and citation omitted]).
MPD does not dispute that an express easement appurtenant was created by the 1958 agreement. Instead, MPD contends that Supreme Court improperly construed the nature and scope of the express easement. We disagree. "The construction of an instrument conveying real property, including any easements set forth therein, is ordinarily a question of law for the court to determine" (Hush v Taylor, 84 AD3d 1532, 1533 [3d Dept 2011] [internal quotation marks, brackets and citations omitted]; see Mentiply v Foster, 201 AD3d 1051, 1055[*2][3d Dept 2022]). "The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (Raven Indus., Inc. v Irvine, 40 AD3d 1241, 1242 [3d Dept 2007] [internal quotation marks and citations omitted]; see Northwood Sch., Inc. v Fletcher, 190 AD3d at 1139). Where "the language of the grant contains no restrictions or qualifications and the purpose of the easement is to provide ingress and egress, any reasonable lawful use within the contemplation of the grant is permissible" (Albright v Davey, 68 AD3d 1490, 1492 [3d Dept 2009] [internal quotation marks and citations omitted], lv denied 14 NY3d 708 [2010]; see Northwood Sch., Inc. v Fletcher, 190 AD3d at 1139-1140).
The unambiguous language set forth in paragraph 5 of the agreement states that "all lot owners or owners of property situated in said Marlyn Park, their successors and assigns, shall and do have a perpetual easement and right of way over [certain described lands] for the purposes of boating, bathing and docking." As reflected in the language of the agreement, and as confirmed by the affidavits of plaintiffs, the purpose of the easement was to allow all Marlyn Park property owners access to Cazenovia Lake for purposes of boating, bathing and docking. Plaintiffs aver that they have in fact made extensive use of the land and lake for over 30 years, including the annual installation of a community dock. "Given the purpose of the easement and the absence of restrictions, any reasonable lawful use by plaintiffs within the contemplation of the grant is permissible, and the installation, maintenance, and use of a dock at the end of a right-of-way providing access to a lake is a reasonable use incidental to the purpose of the easement" (Mosley v Parnell, 211 AD3d 1530, 1531-1532 [4th Dept 2022] [internal quotation marks, brackets and citations omitted]; see Hush v Taylor, 84 AD3d at 1535; Van De Carr v Schloss, 277 App Div 475, 477 [3d Dept 1950]). While defendants assert that the scope of the express easement does not entitle plaintiffs to install a dock at a certain location, we are unpersuaded. Once an easement is located, and where, as here, the seasonal dock was placed at the same location every year for over 30 years, with the servient property owner's knowledge and consent, the location of the dock became fixed and certain. "This long-time use, without objection by the servient tenement, establishes the location of the easement" (Green v Mann, 237 AD2d 566, 567 [2d Dept 1997] [citations omitted]). "[A] landowner may not unilaterally change a right of way if that change impairs enjoyment of the easement holder's rights" (Lewis v Young, 92 NY2d 443, 452 [1998]; see Dowd v Ahr, 78 NY2d 469, 473 [1991]; Onthank v Lake Shore & Mich. S. R.R. Co., 71 NY 194, 198 [1877]; Estate Ct., LLC v Schnall, 49 AD3d 1076, 1077 [3d Dept 2008]). Furthermore, we do not agree with MPD's assertion [*3]that Supreme Court determined the easement to be exclusive to plaintiffs. Although we agree that, within the dicta of Supreme Court's decision, the court mistakenly opines that defendant Eric Brown is a "trespasser,"[FN3] the order itself is devoid of such language and, in fact, Supreme Court explicitly found that the easement benefits all Marlyn Park property owners (see Cannon v Hampton, 198 AD3d 1230, 1234 [3d Dept 2021]; Hurd v Lis, 92 AD2d 653, 654 [3d Dept 1983]).
MPD next asserts that Supreme Court improperly expanded the nature and scope of the easement by granting plaintiffs a prescriptive easement. We agree that the court improperly determined that plaintiffs have a prescriptive easement. As the agreement contains an express easement giving permission to all Marlyn Park property owners to access and use the property (see Charlebois v Lobe-A Prop. Owners, 193 AD2d 916, 918 [3d Dept 1993]), based on neighborly cooperation and accommodation, the presumption of hostility does not arise (see Penn Hgts. Beach Club, Inc. v Myers, 42 AD3d 602, 605-606 [3d Dept 2007], lv dismissed 10 NY3d 746 [2008]; Allen v Mastrianni, 2 AD3d 1023, 1024 [3d Dept 2003]). Nevertheless, we are unpersuaded that Supreme Court improperly expanded the scope of the easement. While the agreement itself makes no reference to the location of the dock, as previously discussed, both plaintiffs' affidavits and photographs substantiated that, year after year, they located the seasonal dock in the center line of the property. Thus, the dock became fixed in that location and could not be relocated without permission. As to the storage of the seasonal dock and boats on the lakefront property, this is a reasonable, lawful use by plaintiffs and is within the contemplation of the easement (see Mosley v Parnell, 211 AD3d at 1531-1532; Hush v Taylor, 84 AD3d at 1535; Van De Carr v Schloss, 277 App Div at 477).
As to the use of the lakefront property in winter, "[a] right-of-way is a type of easement" (Hoffmann v Delbeau, 139 AD3d 803, 804 [2d Dept 2016]). Paragraph 4 of the agreement, establishes a 40-foot right-of-way which "shall at all times hereafter be kept and remain open for ingress and egress for the benefit of all of the parties hereto, their distributees, successors and assigns." A 1951 amended map of Marlyn Park clearly depicts the 40-foot right-of-way encompassing the entire servient lakeshore frontage parcel. Given the purpose of the right-of-way, the absence of any restrictions, and, when coupled with the language that it "shall at all times hereafter be kept and remain open for ingress and egress for the benefit of all the parties hereto," we agree with Supreme Court that plaintiffs must be permitted reasonable access to the lake during the winter. Moreover, plaintiffs aver that "the sloped shoreline and shallow water near the shore make this an ideal place for entry on to the ice" for ice fishing, cross-country skiing, ice skating and hockey games, which they enjoyed for [*4]30 plus years (see Jankoski v Lake Forest Acres Homeowners, Inc., 107 AD3d 1367, 1369 [3d Dept 2013]). While we find that Supreme Court's determination was flawed due to its reliance on prescriptive easement, reversal is not mandated, and we find the court's determination that plaintiffs are entitled to placement of the dock in the center of the parcel, storage of the dock/boats on the lakefront property and access to said parcel during the winter is adequately supported by the record (see Pomygalski v Eagle Lake Farms, 192 AD2d 810, 811 [3d Dept 1993], lv denied 82 NY2d 656 [1993]; Panetta v Tonetti, 182 AD2d 977, 978 [3d Dept 1992], lv denied 80 NY2d 756 [1992]).
MPD also claims that Supreme Court improperly granted summary judgment and permanent injunctive relief as there are material facts in dispute. We disagree. MPD failed to tender evidence creating a factual issue with regard to the existence or location of the easement and right-of-way. MPD's conclusory and unsubstantiated allegations that the seasonal dock could be placed in front of its permanent dock are insufficient to defeat the prima facie showing by plaintiffs (see Hush v Taylor, 84 AD3d at 1534; Judd v Vilardo, 57 AD3d 1127, 1130-1131 [3d Dept 2008]). Inasmuch as MPD's placement of its permanent dock substantially interferes with plaintiffs' reasonable access to use and enjoyment of the lake — to which they have become accustomed — including the docking of boats by multiple property owners, Supreme Court properly directed that MPD's permanent dock be removed (see Pomygalski v Eagle Lake Farms, 192 AD2d at 811; Van De Carr v Schloss, 277 App Div at 477-478; cf. Jankoski v Lake Forest Acres Homeowners, Inc., 107 AD3d at 1369).
Egan Jr., J.P., Aarons, Lynch and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by deleting so much thereof as granted plaintiffs a prescriptive easement, and, as so modified, affirmed.

Footnotes

Footnote 1: Although defendant Eric Brown does not own property in Marlyn Park, he is the sole member of defendant property owner Marlyn Park Drive, LLC and is named as a defendant both individually and in that capacity.
Footnote 2: Supreme Court subsequently granted a temporary stay as to the removal of the dock.

Footnote 3: As the sole member of the LLC, he is entitled to use and enjoy the property (see Solis v 340 W. 12 Realty, LLC, 226 AD3d 449, 449 [1st Dept 2024]; KSP Constr., LLC v LV Prop. Two, LLC, 224 AD3d 58, 61 [1st Dept 2024]).