■ Florence L. Saidel, Appellant, v Lester Wolk, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (McDermott, J.), entered July 23, 1987 in Albany County, which denied certain motions by plaintiff and dismissed the complaint.

Plaintiff, appearing *pro se,* commenced this action against her former son-in-law seeking to recover certain expenses she had incurred for support of his two children. After defendant answered, plaintiff served a demand for a bill of particulars. Plaintiff also moved to strike certain defenses. When defendant failed to timely respond to the demand for a bill of particulars, plaintiff made a preclusion motion. Defendant then responded with a bill of particulars. Plaintiff moved against the bill of particulars as defective. Defendant filed nothing in response to these motions. Supreme Court then ruled that there was no "substance" to or "jurisdiction" over this matter and, therefore, not only denied plaintiff's motions, but dismissed the complaint as well. This appeal by plaintiff ensued.

Supreme Court's order was improper. There was no motion by defendant to dismiss the complaint or for summary judgment. In fact, defendant filed no papers whatsoever. Nor has defendant filed any papers on this appeal. While a court may grant undemanded relief, it may do so only where there is no substantial prejudice to the adverse party. It was improper to dismiss the complaint absent any motion *(see, Ressis v Mactye,* 98 AD2d 836, 837).* Plaintiff's complaint, though inartfully

drawn, states a cause of action for necessaries supplied to an infant *(see generally, Maule v Kaufman,* 33 NY2d 58, 61). While the claim rests on several unresolved questions of fact, and defendant may have legitimate defenses, the complaint should not have been dismissed at this stage. Further, there is nothing in the record to suggest that jurisdiction is lacking.

Turning to plaintiff's motions, in the interest of judicial economy, we will pass on the merits of them rather than remit them to Supreme Court. The motion to strike certain portions of the answer is denied. The purpose of an answer is to join issue, and defendant is entitled to deny assertions in the complaint. Factual disputes may be resolved by a motion for summary judgment or by trial, not by a motion to strike the answer. Next, since defendant served a verified bill of particulars, albeit late, it should be accepted and the motion to preclude is denied. Finally, regarding the motion to strike the bill of particulars, plaintiff's challenges to the bill are general and conclusory. There being no meritorious challenge to the bill, the motion is denied.

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as dismissed the complaint, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.