■ MICHAEL TORRIONI, Plaintiff, v UNISUL, INC., et al., Defendants, and ORION LIMITED PARTNERSHIP et al., Appellants, et al., Third-Party Plaintiff, et al., Second Third-Party Plaintiff. ISLAND LATHING & PLASTERING, INC., Third-Party and Second Third-Party Defendant-Respondent. [624 NYS2d 433] —Order of the Supreme Court, Bronx County (Barry Salman, J.), entered October 22, 1993, which, *inter alia,* denied a motion to renew a cross-motion by defendants Orion Limited Partnership, O & Y (U.S.) Development Company, L.P., O & Y (U.S.) Development General Partner Corp. and Senior Associates (hereinafter collectively referred to as "Orion") for summary judgment is unanimously reversed, on the law, with costs, to the extent herein appealed, the cross-motion for summary judgment in Orion's favor granted, and the matter remanded for a hearing on the issue of reasonable attorney's fees and other damages claimed.

In its initial decision and order dated April 14, 1993, the IAS Court correctly found that third-party defendant Island Lathing & Plastering, Inc. (the plaintiff's employer and the subcontractor) had admitted in its papers that it had breached its contractual obligation to the moving defendant Crow Construction Company, Inc. (the contractor) and to the cross-moving Orion defendants (the owners of the premises) to procure general comprehensive and excess indemnity liability insurance naming them as additional insureds. However, "[i]n the interest of justice and to permit * * * Island [Lathing] additional time in which to locate" endorsements which might in fact name the moving and cross-moving parties additional insureds, the court denied "both the motion and cross-motion without prejudice to oral renewal" when a trial date was set. Indeed, it was Island Lathing which proposed this resolution of the motion and cross-motion to the IAS Court, stating in its papers "that in the event that the two missing endorsements

are not located 30 days prior to trial * * * the defendants' motions for summary judgment can be re-submitted without opposition."

The underlying personal injury action brought by Island Lathing's employee, plaintiff Michael Torrioni, was settled. It is undisputed that the endorsements have not been located and that both Crow Construction Company, Inc. and Orion timely renewed their respective motion and cross-motion for summary judgment. Although it submitted no further papers in opposition to the renewed motion and cross-motion, Island Lathing submitted a competing order which denied the cross-motion in its entirety. Without benefit of a decision explaining its reasoning, the IAS Court apparently changed its initial view of the case and signed the competing order.

We are unpersuaded by Island Lathing's sole argument on appeal that Orion was properly denied summary judgment because the breach of contract claim was not set forth in Orion's cross-claim, which sought indemnification. It is well settled that summary judgment may be awarded on an unpleaded cause of action if the proof supports such cause and if the opposing party has not been misled to its prejudice *(Rubenstein v Rosenthal,* 140 AD2d 156, 158). Here, Island Lathing fully defended itself on the initial cross-motion against Orion's breach of contract claim, admitted its contractual obligation and represented that it would not oppose renewal of Orion's summary judgment cross-motion if the endorsements were not located. Having charted the course of this litigation, Island Lathing should not be heard to complain now that it does not like where its ship has landed.

To the extent that Island Lathing argues that Orion is not entitled to indemnification because there was no judgment against Orion, we note that the relief Orion seeks is referable to its cross-claim for indemnification, which includes legal expenses, as Orion's liability to plaintiff, if any, was vicarious in nature and flowed from its statutory obligations under the Labor Law. Accordingly, Orion's claim for indemnity against the party actually at fault survived settlement and included the legal expenses for defending plaintiff's action *(Chapel v Mitchell,* 84 NY2d 345). We do not agree, however, that Island Lathing is bound by Orion's statement for legal services and therefore remand for a hearing on the issue of attorney's fees and other damages claimed. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Mazzarelli, JJ.