DIAMOND ROOFING CO., INC., Respondent, v PCL PROPERTIES, LLC, Appellant. (Appeal No. 1.) [61 NYS3d 416]—

Appeal from a judgment of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered September 8, 2016. The judgment, insofar as appealed from, awarded plaintiff attorney's fees and prejudgment interest.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the awards of attorney's fees and prejudgment interest at the rate

of 18% per annum are vacated, and plaintiff is awarded prejudgment interest at the rate of 9% per annum from September 30, 2015 to August 16, 2016 in the sum of $18,934.40.

Memorandum: Plaintiff commenced this action to recover damages for breach of contract, alleging nonpayment by defendant of the costs of materials and labor supplied by plaintiff in connection with the repair of a commercial warehouse roof for defendant as contract-vendee. The parties executed a written proposal that included the agreed-upon price for the work to be performed and for payment upon completion of the work. After completing the work, plaintiff allegedly presented defendant with an invoice for the agreed-upon amount. The invoice included a provision for payment of plaintiff's attorney's fees if collection efforts were undertaken and for interest at the rate of 18% per annum on any balance due after 30 days of a demand therefor. According to defendant, payment was not due until it closed a purchase money loan for the building and plaintiff agreed to that payment condition before and after the execution of the written proposal.

Plaintiff moved for summary judgment on the complaint, which contained a single cause of action for breach of contract. The complaint did not reference the invoice, nor was it attached thereto. Neither plaintiff's moving papers nor reply papers mentioned an "account stated" theory of recovery, a request for attorney's fees, or interest at the rate of 18%. That interest rate appeared in the boilerplate language on the invoice. Supreme Court issued a decision and order that granted plaintiff's motion for summary judgment on the breach of contract cause of action and sua sponte awarded plaintiff attorney's fees and interest at the rate of 18% per annum on an unpleaded "account stated" theory. Prior to the entry of judgment, defendant paid plaintiff the agreed-upon roof repair amount of $239,980.

Defendant, as limited by its brief, appeals from those parts of the judgment that awarded plaintiff attorney's fees in the amount of $2,525 and prejudgment interest at the rate of 18% per annum from October 29, 2015 to August 11, 2016 in the sum of $37,074.44.

We agree with defendant that the court erred in awarding attorney's fees and prejudgment interest at the rate of 18% based on an unpleaded account stated theory. The record establishes that plaintiff neither pleaded an account stated theory nor moved for summary judgment on that ground (*cf. Citibank [S.D.], N.A. v Brown-Serulovic*, 97 AD3d 522, 523

[2012]; *Digital Ctr., S.L. v Apple Indus., Inc.*, 94 AD3d 571, 572-573 [2012]). It is well settled that, generally, a party may not obtain summary judgment on an unpleaded cause of action (*see generally Cohen v City Co. of N.Y.*, 283 NY 112, 117 [1940]), but there is an exception to that general rule where the proof supports such a cause of action and the opposing party has not been misled to its prejudice (*see Torrioni v Unisul, Inc.*, 214 AD3d 314, 315 [1995]). Here, we conclude that defendant was substantially prejudiced by the court's sua sponte reliance on the unpleaded account stated theory (*see Kramer v Danalis*, 49 AD3d 263, 263 [2008]; *cf. Boyle v Marsh & McLennan Cos., Inc.*, 50 AD3d 1587, 1588 [2008], *lv denied* 11 NY3d 705 [2008]). Indeed, we note that plaintiff's moving and reply papers did not even mention that theory, nor did they mention attorney's fees or interest at the rate of 18% per annum (*cf. Boyle*, 50 AD3d at 1588).

We conclude that the court further erred in searching the record pursuant to CPLR 3212 (b) and granting summary judgment on an account stated theory to plaintiff, the moving party. Although a court has the authority to search the record and grant summary judgment to a *nonmoving* party (*see id.*), that authority is applicable "only with respect to a [claim] or issue that is the subject of the motions before the court" (*Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430 [1996]; *see Mercedes-Benz Credit Corp. v Dintino*, 198 AD2d 901, 901-902 [1993]). Here, plaintiff was the moving party and an account stated theory was not the subject of the motion before the court.

We therefore reverse the judgment insofar as appealed from, vacate the awards of attorney's fees and prejudgment interest at the rate of 18% per annum, and award plaintiff prejudgment interest at the statutory rate of 9% (*see* CPLR 5001 [a]; 5004), from September 30, 2015, the date on which payment was due, until August 16, 2016, the date of payment, in the sum of $18,934.40 (*see Levy, King & White Adv. v Gallery of Homes*, 177 AD2d 967, 968 [1991]). Present—Whalen, P.J., Smith, Centra, Peradotto and Carni, JJ.