Village of Sharon Springs v Barr (2018 NY Slip Op 07022)





Village of Sharon Springs v Barr


2018 NY Slip Op 07022


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018


[*1]VILLAGE OF SHARON SPRINGS, Appellant,
v
RICHARD BARR, Respondent.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Whiteman Osterman & Hanna, LLP, Albany (Michelle L. Kennedy of counsel), for appellant.
Richard Barr, New York City, respondent pro se.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (Ferreira, J.), entered April 10, 2017 in Schoharie County, which, among other things, sua sponte dismissed the complaint.
Defendant owns real property in the Village of Sharon Springs, Schoharie County. Plaintiff became aware that defendant was operating a secondhand retail operation on the property in violation of the Village of Sharon Springs Zoning Law and that conditions on the property violated the property maintenance provisions of the New York State Uniform Fire Prevention and Building Code in several respects (see Executive Law § 381 [2]; 19 NYCRR 1219.1, 1226.1). Defendant was ordered to remedy these violations but, when he failed to do so in a timely manner, plaintiff commenced this action seeking, among other things, injunctive relief directing defendant to correct the problems, as well as the assessment of civil penalties, costs and disbursements against him. Following joinder of issue, plaintiff moved for summary judgment and received no opposition thereto. Supreme Court nevertheless denied the motion and dismissed the complaint, finding it "impossible" to discern a cause of action in that pleading. Plaintiff appeals, and we now reverse.
To the extent that Supreme Court dismissed the complaint sua sponte, that relief had not been requested by defendant, substantially prejudiced plaintiff and should not have been granted (see Hurd v Hurd, 66 AD3d 1492, 1493 [2009]; Saidel v Wolk, 139 AD2d 829, 829 [1988]; Ressis v Mactye, 98 AD2d 836, 837 [1983]). To the extent that Supreme Court's actions constituted an award of summary judgment to defendant, the nonmoving party, after searching the record (see CPLR 3212 [b]), that relief was inappropriate in the absence of any consideration as to whether plaintiff, "despite defects in pleading, ha[d] . . . made out a cause of action" in its motion papers (Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 279 [1978]; see Lindquist v County of Schoharie, 126 AD3d 1096, 1097 [2015]; Reiser, Inc. v Roberts Real Estate, 292 AD2d 726, 727 [2002]). It was therefore error to dismiss the complaint under either scenario and, in the interest of judicial economy, we proceed to the merits of plaintiff's motion for summary judgment (see Saidel v Wolk, 139 AD2d at 830).
In that regard, plaintiff established the material facts through an affidavit by its Code and Zoning Enforcement Officer, who detailed the zoning and building code violations found on defendant's property and averred that defendant had not remedied them after being served with orders to do so. The statements in the affidavit were corroborated by documentary and photographic evidence, and defendant submitted no opposition that might have raised material questions of fact. Supreme Court correctly observed that the complaint did not name a cause of action or identify the legal basis for the relief requested, and plaintiff's motion papers suffered from the same problem. Plaintiff now points to authority for the relief sought by it (see Executive Law § 382 [3]; Village Law § 7-714; see also Village of Chestnut Ridge v Roffino, 306 AD2d 522, 524 [2003]), however, and summary judgment may be granted on an unpleaded cause of action "where the proof supports such a cause of action and the opposing party has not been misled to its prejudice" (Diamond Roofing Co., Inc. v PCL Props., LLC, 153 AD3d 1577, 1579 [2017]; see Home Sav. Bank of Am. v Coconut Is. Props., 226 AD2d 1138, 1139 [1996], lv dismissed 90 NY2d 935 [1997]; Stiber v Cotrone, 153 AD2d 1006, 1007 [1989], lv denied 75 NY2d 703 [1990]). The evidence substantiates plaintiff's entitlement to the relief sought — relief that plaintiff has consistently sought and was narrowed in its notice of motion for summary judgment — and there is no indication that defendant was prejudiced by the failure to identify the statutes authorizing it sooner. Thus, we grant plaintiff's motion for summary judgment and remit so that Supreme Court may fashion an appropriate remedial order.
Egan Jr., J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, plaintiff's motion for summary judgment granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.