Lagattuta-Spataro v Sciarrino (2021 NY Slip Op 00738)





Lagattuta-Spataro v Sciarrino


2021 NY Slip Op 00738


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


990 CA 20-00613

[*1]KIM LAGATTUTA-SPATARO AND CURTIS SPATARO, PLAINTIFFS-RESPONDENTS,
v
CORA A. SCIARRINO AND KENNETH J. SCIARRINO, DEFENDANTS-APPELLANTS. 






LAW OFFICE OF JOHN TROP, ROCHESTER (TIFFANY L. D'ANGELO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
WAYNE C. FELLE, P.C., WILLIAMSVILLE (WAYNE C. FELLE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 13, 2019. The order granted plaintiffs' motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part with respect to the issue of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for serious injuries allegedly sustained by Kim Lagattuta-Spataro (plaintiff) when a vehicle that she was operating was rear-ended at a red light by a vehicle operated by defendant Cora A. Sciarrino and owned by defendant Kenneth J. Sciarrino. Supreme Court granted plaintiffs' motion for summary judgment on, inter alia, the issue of serious injury with respect to the significant limitation of use, permanent consequential limitation of use, and 90/180—day categories of serious injury (see Insurance Law § 5102 [d]).
We reject defendants' contention that the motion should have been denied as untimely because it was made more than 120 days after the filing of the note of issue without a showing of good cause for the delay (see generally CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 652 [2004]). Such a contention is waived where the nonmovant expressly consents to the timing of the motion (see Bennett v St. John's Home [appeal No. 2], 128 AD3d 1428, 1428-1429 [4th Dept 2015], affd 26 NY3d 1033 [2015]). Here, plaintiffs submitted a reply affirmation in further support of the motion in which their attorney asserted that the parties' counsel and the court had agreed during a conference on the return date for the motion. Defendants' brief does not refute that assertion and instead contends only that the minutes of the conference are not part of the appellate record, which, we note, defendants had the obligation to assemble (see Fink v Al-Sar Realty Corp., 175 AD3d 1820, 1820 [4th Dept 2019]). We thus conclude that defendants waived their contention (see Bennett, 128 AD3d at 1429). Although defendants further contend that the motion was not in proper form because plaintiffs set forth legal discussion in an attorney affirmation (see 22 NYCRR 202.8 [c]), the court may overlook such defects (see CPLR 2001; see generally Standard Fruit & S.S. Co., Div. of Castle & Cooke v Russo, 67 AD2d 970, 970 [2d Dept 1979]).
We agree with defendants, however, that plaintiffs failed to meet their initial burden of establishing that plaintiff sustained a serious injury under the significant limitation of use and permanent consequential limitation of use categories. "[W]hether a limitation of use or function is 'significant' or 'consequential' (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal [*2]function, purpose and use of the body part" (Dufel v Green, 84 NY2d 795, 798 [1995]; see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], rearg denied 98 NY2d 728 [2002]). Here, although plaintiffs' submissions included objective evidence of serious injury in the form of medical records quantifying limited range of motion in plaintiff's spine and reporting the detection of muscle spasms (see Carpenter v Steadman, 149 AD3d 1599, 1600 [4th Dept 2017]), those submissions also included medical records containing contrary findings. Thus, plaintiffs' own submissions raised triable issues of fact with respect to the significant limitation of use and permanent consequential limitation of use categories of serious injury (see generally Gawron v Town of Cheektowaga, 125 AD3d 1467, 1468 [4th Dept 2015]).
In addition, we agree with defendants that plaintiffs failed to meet their initial burden with respect to the 90/180—day category of serious injury. Plaintiffs failed to submit any evidence that plaintiff was prevented "from performing substantially all of the material acts which constitute [her] usual and customary daily activities" within the statutory period (Insurance Law § 5102 [d]; see Maurer v Colton, 180 AD3d 1371, 1373 [4th Dept 2020]).
Inasmuch as plaintiffs failed to meet their initial burden with respect to the three threshold categories at issue, the court erred in granting that part of the motion on the issue of serious injury, regardless of the sufficiency of defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We therefore modify the order accordingly.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court