Christine L.H. v Graovac (2023 NY Slip Op 06607)

Christine L.H. v Graovac

2023 NY Slip Op 06607

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

740 CA 22-01685

[*1]CHRISTINE L.H., AS PARENT AND NATURAL GUARDIAN OF J.H., PLAINTIFF-RESPONDENT,
v
GEORGE A. GRAOVAC, DEFENDANT-APPELLANT, CHANDLER D. GIER AND JENNIFER J. KEANE, DEFENDANTS-RESPONDENTS. 

LAW OFFICE OF VICTOR M. WRIGHT, EDMESTON (DOMINIC M. CHIMERA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHIACCHIA & FLEMING, LLP, HAMBURG (TIFFANY M. KOPACZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
THE LAW OFFICES OF JOHN WALLACE, BUFFALO (VALERIE L. BARBIC OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered September 19, 2022. The order granted the motion of defendants Chandler D. Gier and Jennifer J. Keane for summary judgment dismissing the complaint and cross-claims against them and granted plaintiff summary judgment on the issue of serious injury. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the fourth ordering paragraph and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries her son sustained when he was a passenger in a vehicle owned by defendant Jennifer J. Keane and operated by defendant Chandler D. Gier (collectively, codefendants). Codefendants' vehicle, which was proceeding straight through an intersection with a flashing yellow light, collided with a vehicle owned and operated by defendant George A. Graovac (defendant). It is undisputed that defendant proceeded through a stop sign and flashing red light directly into the path of codefendants' vehicle. Following discovery, codefendants moved for summary judgment seeking dismissal of the complaint and defendant's cross-claims against them. Defendant opposed the motion, and plaintiff submitted papers supporting codefendants' motion and "request[ing]" summary judgment on the issue of serious injury. Supreme Court granted codefendants' motion and granted plaintiff's "motion" on the issue of serious injury.
Contrary to defendant's contention, we conclude that the court properly granted codefendants' motion dismissing the complaint and all cross-claims against them. Codefendants met their initial burden of establishing as a matter of law that defendant failed to yield the right-of-way to their vehicle at the intersection, and in response defendant failed to raise triable issues of fact sufficient to defeat the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "It is well settled that [a] driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way . . . Although a driver with the right-of-way has a duty to use reasonable care to avoid a collision . . . , a driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision" (Carpentieri v Kloc, 213 AD3d 1314, 1315 [4th Dept 2023] [internal quotation marks omitted]; see Gomez v Buczynski, 213 AD3d 1312, 1313 [4th Dept 2023]; Liskiewicz v Hameister, 104 [*2]AD3d 1194, 1194-1195 [4th Dept 2013]).
Although there was some evidence that codefendants' vehicle had been speeding several miles before the intersection, there is no evidence in the record that codefendants' vehicle was speeding at the time it reached the intersection. Indeed, the only evidence in the record on appeal establishes that codefendants' vehicle was not speeding as it approached the intersection where the accident occurred.
Defendant further contends that the court erred in searching the record and granting summary judgment to plaintiff on the issue of serious injury. We agree. Plaintiff "request[ed]" summary judgment on serious injury in her papers supporting codefendants' motion, but it is undisputed that plaintiff did not actually move or cross-move for summary judgment. Although a court has authority to grant summary judgment to a nonmoving party, it may do so "only with respect to a cause of action or issue that is the subject of the motions [or cross- motions] before the court" (Dunham v Hilco Constr. Co., 89 NY2d 425, 430 [1996]; see Diamond Roofing Co., Inc. v PCL Props., LLC, 153 AD3d 1577, 1579 [4th Dept 2017]; Mercedes-Benz Credit Corp. v Dintino, 198 AD2d 901, 901-902 [4th Dept 1993]). Inasmuch as neither defendant nor codefendants moved or cross-moved for summary judgment on the issue of serious injury, we conclude that the court erred in awarding plaintiff summary judgment on that issue (see Bondanella v Rosenfeld, 298 AD2d 941, 942-943 [4th Dept 2002]), and we modify the order accordingly.
In any event, as defendant correctly contends, even if plaintiff's "request[]" for summary judgment on the issue of serious injury were deemed a cross-motion, the request was untimely because "it was made more than 120 days after the note of issue was filed, and plaintiff[ ] did not seek leave to file a late motion or show good cause for [her] delay pursuant to CPLR 3212 (a)" (Cracchiola v Sausner, 133 AD3d 1355, 1356 [4th Dept 2015]), and there is no evidence that defendant waived his right to contest the timeliness of any CPLR 3212 motion (cf. Lagattuta-Spataro v Sciarrino, 191 AD3d
1355, 1356 [4th Dept 2021]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court