Edwards v New Jersey Tr. Bus Operations, Inc.

2026 NY Slip Op 02777

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Geneithe I. Edwards, Plaintiff-Respondent,

v

New Jersey Transit Bus Operations, Inc., et al., Defendants-Appellants.

Decided and Entered: May 05, 2026

Index No. 153876/16|Appeal No. 4970|Case No. 2023-00122|

Before: Scarpulla, J.P., Pitt-Burke, O'Neill Levy, Michael, JJ.

DeCotiis, Fitzpatrick, Cole & Giblin, LLP, New City (John A. Stone of counsel), for appellants.

Levine & Slavit, PLLC, New York (Ira S. Slavit of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (James G. Clynes, J.), entered on or about July 8, 2022, which denied defendants' motion to dismiss the complaint against them for lack of jurisdiction on sovereign immunity grounds, unanimously affirmed, without costs.

In this action for personal injuries, plaintiff alleges that she was injured when a bus owned by defendant New Jersey Transit Bus Operations, Inc. (NJTBO), a wholly owned subsidiary of nonparty New Jersey Transit Corporation (NJT), and driven by defendant Salvatore Vicari, Jr., struck the rear of her vehicle. Defendants' motion to dismiss is premised on NJTBO being an arm of the State of New Jersey that may invoke the doctrine of sovereign immunity. However, the Supreme Court of the United States recently determined that NJT, not a party in this case, is not an arm of New Jersey and therefore not entitled to invoke sovereign immunity (see Galette v New Jersey Tr. Corp., 607 US — , — , 146 S Ct 854, 871 [2026], affg Colt v New Jersey Tr. Corp., 43 NY3d 463, 476-477 [2025]). In its consolidated decision, the Galette Court affirmed the Court of Appeals' decision in Colt dismissing the remaining defendants' claims of sovereign immunity, which included NJTBO, "because these claims depend on NJT's status as an arm of New Jersey" (Colt, 43 NY3d at 477; see Galette, 607 US — , — , 146 S Ct at 871). Accordingly, we find that Supreme Court properly denied defendants' motion and find it unnecessary to reach the additional arguments raised by the parties on this issue.

To the extent defendants assert that plaintiff's opposition was fatally defective because plaintiff set forth legal discussion in an attorney affirmation (see 22 NYCRR 202.8 [c]), we note that the court may overlook such defects (see CPLR 2001; Lagattuta-Spataro v Sciarrino, 191 AD3d 1355, 1356 [4th Dept 2021]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026